[Civ. No. 10003.   First Appellate District, Division Two.—January 8, 1936.]

M. HERMINIA BREMNER, Respondent, v. ALAMITOS LAND COMPANY (a Corporation) et al., Defendants; E. M. SHANNON, Appellant.

Rutan & Mize and Erwin H. Haas for Appellant.

Rex Hardy for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendants to have a trust in certain lands declared in her favor. The defendants answered. A trial was had before the court sitting without a jury. The court made a decree as prayed and one of the defendants has appealed.

On November 7, 1904, the Alamitos Land Company owned a large tract of land in the county of Los Angeles. On that date it executed an executory contract of sale of a portion of said land to Signal Hill Improvement Company. The purchase price was $28,000 together with accrued interest and was payable in installments. Possession was immediately given to the purchasers who entered, subdivided, mapped, recorded the plat, and made numerous sales thereunder. After entering, Signal Hill Improvement Company also laid out streets and graded the same. Under its contract Signal Hill

agreed to pay all taxes and assessments after the date of its contract of purchase. On or before July 18, 1907, the purchaser or its assigns had made each and all of the payments due under the contract of purchase. No conveyance of block 2 of Signal Hill, the property involved in the instant case, was ever made by said Alamitos Land Company. On November 30, 1910, Signal Hill Improvement Company forfeited its charter because of nonpayment of license taxes. Under the statute as it then stood the directors then in office became the trustees to liquidate said corporation. Certain vacancies. having arisen, upon petition duly presented, the superior court appointed other trustees, thus filling all vacancies. That decree was entered January 3, 1930. Thereafter, on January 16, 1930, said trustees so appointed executed a quitclaim deed to block 2 to William P. Maurer. Thereafter, in an action to quiet title, a judgment was entered in favor of Maurer against the trustees. In that action no defendants were named except said trustees. On July 5, 1930, Maurer conveyed the land in suit to this plaintiff. From the date of said contract of purchase, November 7, 1904, down to the present time the plaintiff and her grantors have been in possession. On February 15, 1932, in an action to quiet title in which E. M. Shannon was the plaintiff and Alamitos Land Company was a defendant, but in which this plaintiff was not a defendant, a decree was entered in favor of E. M. Shannon and against Alamitos Land Company. In the instant case, the trial court having made findings in effect reciting the foregoing facts, prepared conclusions of law as follows ''By the agreement of sale of November 7, 1904, Signal Hill Improvement Company, a corporation, became the equitable owner of said property. When the full purchase money under said agreement of sale was paid to Alamitos Land Company on or about July 18, 1907, it became and remains the holder of the bare legal title to said property, but as trustee to convey same to or for the account of Signal Hill Improvement Company or its successor in interest. The plaintiff herein is the sole and exclusive successor in interest of Signal Hill Improvement Company. The defendant Shannon herein never had and has not now any legal or equitable title in or to said property. The plaintiff is entitled to receive a grant deed duly executed and acknowledged by Alamitos Land Company, a corporation, conveying to the plaintiff the legal

title to said property subject to all liens and encumbrances of record, thus merging the legal and equitable titles to said property.''

■ The defendant Shannon claims the deed to Maurer was invalid because no order of court was obtained permitting the trustees of Signal Hill Improvement Company, a defunct corporation, ''to make sales''. It is contended that such an order was necessary. (Civ. Code, sec. 400, as amended by chap. 216, Stats. 1917.) Assuming solely for the purposes of determining this claim that said deed was invalid, nevertheless Maurer held a decree quieting his title against Signal Hill Improvement Company. Said decree was valid and the validity of the deed becomes immaterial. ■ In the quiet title proceeding Maurer could have named both Alamitos Land Company and Signal Hill Improvement Company as defendants and thus wholly cleared his title. He named .only the latter as a defendant and as to it his decree was valid. This plaintiff, his grantee, has in this action named Alamitos Land Company as one of the defendants and has asked for the balance of the relief which Maurer could have asked for. We see no infirmity in the procedure.

■ In her complaint this plaintiff alleged, and the trial court found, that she was the ''successor in interest of said Signal Hill Improvement Company and the owner'' of the property in suit. The defendant asserts that under the facts said finding finds no support. He bases that assertion on the fact that the plaintiff held no deed. But that contention places meanings on the words ''successor'' and ''owner'' that are too narrow and which are not sustained by the authorities. The word ''successor'' has a twofold meaning. It may be used in the sense of one entitled to succeed as well as in the sense of one who has in fact succeeded. (*People* v. *Ward*, 107 Cal. 236, 239 [40 Pac. 538].) The word ''owner'' has no rigid meaning. (50 C. J. 770.) We think both words, ''successor'' and ''owner'', clearly cover the claim asserted by this plaintiff.

■ The last claim made by this defendant is that the judgment that the Alamitos Land Company is the legal owner of the land is contrary to the findings. We think that claim is also without foundation. Said company never executed a deed to any person. The judgment in favor of this defendant in his quiet title suit was conclusive as to the defendants

named in that suit.   This plaintiff was not a party to and was not bound by the judgment in that suit.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.