23701

The BATTERY HOMEOWNERS ASSOCIATION, an Unincorporated Association of Owners at Phase I of The Battery, Karen Doyle, Owner of Unit # 1, Marion Dicks Coleman, Owner of Unit # 3, Kenneth E. McNutt, Owner of Unit # 4, Gerald F. Miller, Owner of Unit # 8, James F. Derrick, Owner of Unit # 9, Christopher C. Zito, Owner of Unit # 12, Jamie Ball & Ronald W. Howland, Jr., Owners of Unit # 13, Linda Beth Driftmier, Owner of Unit # 19, Virginia Saad, Owner of Unit # 20, Kathryn Jenness, Owner of Unit #21, Richard & Denise Davidson, Owners of Unit # 22, Dr. Dwen Murphy, Owner of Unit # 23, B. Alan Coxwell & Cynthia Joy Allison, Owners of Unit #24, Donnie B. Malphrus, Owner of Unit # 27, Walter Derrick, Owner of Unit # 28, Marion L. Boyd, Owner of Unit # 29, Walter Derrick, Owner of Unit # 30, Donnie B. Malphrus, Owner of Unit # 31, Luke N. & Hazel Brown, Owners of Unit # 32, James & Peggie Prince, Owners of Unit # 33, Marshall & Clara Hiddleson, Owners of Unit # 34, Patricia M. Basnett, Owner of Unit # 36, Respondents v. LINCOLN FINANCIAL RESOURCES, INC., and/or O. Lamar Allen and Units 2, 5, 6, 7, 10, 11, 14, 25, 26, and 35, of whom Lincoln Financial Resources, Inc., is the Appellant.

(422 S.E. (2d) 93)

Supreme Court

*Deborah R.J. Shupe,* of *Berry, Dunbar, Daniel, O'Connor & Jordan,* Columbia, *for appellants.*

*H. Fred Kuhn, Jr.,* of *Moss & Kuhn, P.A.,* Beaufort, *for respondents.*

Heard June 2, 1992.

Decided Aug. 31, 1992.

MOORE, Justice:

This is an appeal from the master-in-equity's order holding that Respondent The Battery Homeowner's Association (Association) is a horizontal property regime and assessing $159,930 in regime fees and penalties against units owned by Appellant Lincoln Financial Resources, Inc. (Lincoln). We reverse in part and affirm in part.

## I. FACTS

In 1984, the Battery Creek Associates (Battery Creek) established a townhouse development, The Battery, in Beaufort. O. Lamar Allen (Allen) was one of the officers and shareholders of Battery Creek. Battery Creek filed a Declaration of Covenants, Conditions and Restrictions (Declaration) and all owners bought their property subject to this Declaration. The Declaration provides that the Battery Homeowner's Association, Inc. (BHA), and its successors and assigns is to charge reasonable fees for the use of any recreational facilities and may collect attorney's fees and penalties in an attempt to collect delinquent fees.

In the Fall of 1985, the lender attempted to foreclose on the project. Allen had personally guaranteed the loans. Lincoln through its sole owner, Allen, entered into a settlement agreement with the lender. Under the agreement Lincoln was to buy ten units and attempt to finish Phase I of the project.

On January 30, 1987, the BHA was dissolved by the Secretary of State for failure to pay its fees. The Association, an unincorporated homeowner's association, was officially formed by the homeowners in January, 1988. On November 14, 1988, the Association filed a complaint against Lincoln alleging that the regime fees assessed against the ten units owned by Lincoln had not been paid and requested a judgment and lien against these units for $15,500 plus interest. The master found that the Battery was a horizontal property regime subject to the Horizontal Property Act, S.C.Code *Ann.* §§ 27-31-20 et seq. (1991), and awarded the Association $159,930 in regime fees and penalties and $6,210.48 in attorney's fees. Lincoln now appeals.

## II. DISCUSSION

S.C. Code Ann. § 27-31-30 (1991) states a horizontal property regime is established when the owners of property expressly declare their intention through the recordation of a master deed, which sets forth the particulars in S.C. Code Ann. § 27-31-100 (1991). Section 27-31-100 states the master deed must expressly state the name by which the property is to be known and include the words "HORIZONTAL PROPERTY REGIME."

The Battery's master deed does not state the Battery is a horizontal property regime. Therefore, the Horizontal Property Act does not apply to the Battery. The master erred in holding that the Battery is a horizontal property regime and we reverse as to this portion of his order.

Lincoln argues that because the Battery is not a horizontal property regime, the master's order must be reversed because he relied upon the Horizontal Property Act. We disagree. Although the master relied upon the Act, the same results could have been reached had he relied upon the Declaration.

It is undisputed that Lincoln agreed to be bound by the Declaration and the Declaration controls. The Declaration defines the "Association" as "the Battery Homeowners Association, Inc., its successors and assigns." Lincoln argues that the Declaration only authorizes the BHA, its successors and assigns to assess fees and the Association is none of these entities. The Association argues it is a successor to the BHA.

On January 30, 1987, the BHA was dissolved by the Secretary of State for failure to pay its franchise fees. The Association was formed in January, 1988. The term "successor" is a term of art. "It may mean . . . succeeding to a place, or a right, or an interest or a power, official, or otherwise. It may mean succession in corporate control." *Dunkley Co. v. California Packing Corp.*, 277 F. 996 (2nd Cir. 1921). "The word 'successor' has a twofold meaning. It may be used in the sense of one entitled to succeed as well as in the sense of one who has in fact succeeded." *Bremner v. Alamitos Land Co.*, 11 Cal. App. (2d) 150, 53 P. (2d) 382 (1936). We find the Association is a successor to the BHA and, therefore, authorized under the Declaration to assess regime fees, interest, and penalties.

The Association in its complaint sought fees in the amount

of $15,500. The Association did not specifically seek attorney's fees or penalties but rather asked for "such other and further relief as this honorable court may deem just and proper." The Declaration provides for attorney's fees and penalties in the collection of delinquent assessments. Lincoln, however, argues that only the BHA is authorized to collect these costs. Based on the foregoing conclusion, this argument is without merit.

Lincoln next argues that since the Association stated a specific amount in damages, the damages should be limited to this amount. This argument is without merit. "[E]very final judgment shall grant the relief which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." Rule 54(c), SCRCP.

Lincoln also argues that if the master had stated that he was considering penalties and attorney's fees, Lincoln could have objected, moved for a continuance, and stated the reasons for its objection for the record. This argument is not supported by the record as Ms. Coxwell, an officer of the Association, specifically testified on cross-examination that the Association was attempting to collect penalties. Thus, Lincoln was put on notice that the Association was seeking penalties and did not object, or move for a continuance. We find the master did not err in awarding penalties and attorney's fees.

Lincoln attempted to set-off several expenses which it claims were paid on behalf of the Battery. The master allowed several set-offs when it was evident from the checks that the money was paid to the BHA or Association. The set-offs which the master allowed were appropriate. Lincoln, however, argues that all of the expenses presented to the master should have been set-off. We disagree.

Under Lincoln's agreement with the lender entered into in the fall of 1985, Lincoln was to complete the project and turn it over to the homeowners. Allen testified that there "was a laundry list of things that were requested of us to accomplish on behalf of the developer." The master found these expenses were paid by Lincoln as the developer and not on behalf of the homeowner's association and, therefore, should not be set-off. We find no error.

The Association also argues that Lincoln is estopped from asserting that the Association is not the homeowner's association for the Battery. This argument was not raised in the trial court and may not be considered for the first time in this Court. *Baughman, et al v. AT&T Nassau Metals Corp.*, — S.C. —, 410 S.E. (2d) 537 (1991).

Accordingly, the order of the master is

Reversed in part; affirmed in part.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.