THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Rea
 Contracting, L.L.C., a North Carolina Limited Liability Company, Respondent,
 v.
 Douglas Smith
 Backhoe and Excavating, Inc., a South Carolina Corporation, and Douglas Smith
 Individually, Appellant.
 
 
 

Appeal From York County
S. Jackson Kimball, III, Master-In-Equity
Unpublished Opinion No. 2009-UP-347
Submitted June 1, 2009  Filed June 23,
 2009    
AFFIRMED 

 
 
 
 Daniel Dominic D'Agostino, of York, for Appellant.
 David B. Sample, of Rock Hill, for Respondent.
 
 
 

PER CURIAM: 
 Douglas Smith Backhoe and Excavation (Backhoe) appeals the decisions of the
 master-in-equity that (1) granted Rea Contracting attorney's fees and prejudgment
 interest; (2) failed to award Backhoe attorney's fees and costs pursuant to
 Rule 11, SCRCP, and section 15-36-10 of the South Carolina Code (Supp. 2008);
 and (3) dismissed without prejudice Rea Contracting's request to pierce the
 corporate veil.  We affirm pursuant to Rule 220(b) and the following
 authorities:
1.  As to whether the
 master erred in awarding Rea Contracting attorney's fees and prejudgment
 interest: Rule 54(c), SCRCP ("Except
 as to a party against whom a judgment is entered by default, every final
 judgment shall grant the relief to which the party in whose favor it is
 rendered is entitled, even if the party has not demanded such relief in his
 pleadings."); Battery Homeowners Ass'n v. Lincoln Fin. Res., 309
 S.C. 247, 422 S.E.2d 93 (1992) (holding trial court properly awarded attorney's
 fees and penalties when plaintiff sought neither in its complaint but an
 agreement between the parties provided for such relief).
2.  As to whether the master
 erred in failing to award Backhoe attorney's fees and costs under Rule 11, SCRCP, and section 15-36-10:  Russell v. Wachovia Bank, 370 S.C. 5, 19,
 633 S.E.2d 722, 729 (2006) (stating an abuse of discretion may be found when
 the conclusions reached by the court are without reasonable factual support); Rutland
 v. Holler, Dennis, Corbett, Ormond & Garner, 371 S.C. 91, 97, 637 S.E.2d
 316, 319 (Ct. App. 2006) (instructing an appellate court may take its own view
 of the evidence then apply an abuse of discretion standard in reviewing the trial
 court's decision to award sanctions).
3.  As to whether the master
 erred in dismissing without prejudice Rea Contracting's request to pierce the
 corporate veil: Staubes v. City of
 Folly Beach, 339 S.C. 406, 412, 529
 S.E.2d 543, 546 (2000) ("It is well-settled that an issue cannot be raised
 for the first time on appeal, but must have been raised to and ruled upon by
 the trial court to be preserved for appellate review.").
AFFIRMED.[1]
HUFF, PIEPER,
 and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant
 to Rule 215, SCACR.