13897

PENDARVIS v. WANNAMAKER

(175 S. E., 531)

*Mr. L. A. Hutson,* for appellant,

*Mr. T. B. Bryant, Jr.,* for respondent,

August 2, 1934.

The opinion of the Court was delivered by MR. W. C. COTHRAN, ACTING ASSOCIATE JUSTICE.

The plaintiff herein, who is the appellant, filed suit against the defendant asking damages for personal injuries. The defendant demurred to the complaint upon the ground it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the plaintiff has appealed. The material allegations of the complaint are set forth below.

The plaintiff applied to the defendant for work in the cotton mill owned by him and secured employment. She was furnished a house in which to live and a reasonable rental was charged for same; this rental being taken out of her weekly earnings. The defendant agreed to keep the house in repair all the while the plaintiff worked for him. On several occasions plaintiff complained about the dangerous condition of the house due to the needed repairs, and on each occasion the defendant promised to repair the same, but never did so. After the plaintiff continued to live in the house for some time, the exact time not being stated, she walked out on the front porch, stepped on a plank which had been spliced and insecurely fastened, fell through the opening thus made in the floor, and was severely and permanently injured.

We think this case is governed by the case of *Timmons v. Williams Wood Products Corporation,* 164 S. C., 361, 162 S. E., 329, and that the demurrer was properly sus-

tained. If the defendant had undertaken to make the repairs as he repeatedly promised to do while the plaintiff was a tenant and the injury had occurred on account of his negligence in so doing, the situation would have been entirely different, but we have searched the complaint in vain to find an allegation to this effect. There are several references in the complaint to repairs "some time prior" and "some time before the plaintiff was injured," but nothing to show that the repairs were undertaken while the plaintiff was a tenant or in response to the promise of defendant to repair.

The plaintiff charges further error on the part of the Judge of the County Court in sustaining the demurrer to both the original and the amended complaints, claiming that only the amended complaint was properly before him. It seems that, when the demurrer was first served to the original complaint, the plaintiff served an amended complaint before the hearing upon the demurrer to which amended complaint the defendant likewise demurred. When a demurrer was heard, it is evident that all papers were left with the Judge, including both complaints and both demurrers. His order sustained both demurrers. We do not see how the plaintiff could be hurt by this course. The reference to the original complaint was mere surplusage and could not affect the order as to the amended complaint. Moreover, as this exception was not argued in the brief of the appellant, we presume it was abandoned.

Judgment affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.