0205

Alta L. PAXTON, Appellant, v. Nelle M. McW. HINKLE and
McClimon-Hill Real Estate Company, Inc., Respondents.

(318 S. E. (2d) 123)

Court of Appeals

*David D. Armstrong*, Greenville, *for appellant.*

*D. Denby Davenport* and *Clifford F. Gaddy* of *Gaddy & Davenport*, Greenville, *for respondents.*

Heard June 1, 1984.

Decided June 22, 1984.

SANDERS, Chief Judge:

Appellant Alta L. Paxton brought this negligence action against respondents Nelle M. McW. Hinkle and her agent McClimon-Hill Real Estate Company, Inc. The circuit court sustained a demurrer to her complaint. We affirm.

Paxton's complaint alleges that (1) she rented a residence from Hinkle which was managed by McClimon-Hill; (2) she notified both of the need to repair a certain defect in the back stairs of the residence; and (3) she subsequently sustained personal injuries as a result of a fall caused by the defect. Significantly, Paxton did not allege that Hinkle or McClimon-Hill (1) were in possession or control of the residence; (2) agreed to make repairs; (3) undertook to make repairs and did

so negligently; or (4) concealed the alleged defect.[1]

Both Hinkle and McClimon-Hill demurred to the complaint on the ground it failed to state a cause of action. The trial judge sustained their demurrers based on long standing principles of common law. *See Timmons v. Williams Wood Products Corporation*, 164 S. C. 361, 162 S. E. 329 (1932) (in the absence of contract, landlord is under no obligation to make repairs); *Pendarvis v. Wannamker*, 173 S. C. 299, 175 S. E. 531 (1934) (complaint alleging tenant was injured through fall caused by insecurely fastened porch plank, and landlord, in response to tenant's complaints, had failed to make promised repairs, held demurrable in absence of an allegation that landlord had undertaken to make repairs during the tenancy and was negligent in doing so); *Conner v. Farmers and Merchants Bank*, 243 S. C. 132, 132 S. E. (2d) 385 (1963) (relationship of landlord and tenant imposes no duty on landlord to keep rented premises in repair in the absence of contract to do so); *Sheppard v. Nienow*, 254 S. C. 44, 173 S. E. (2d) 343 (1970) (tort action cannot be maintained for breach of contractual duty to repair; "actionable negligence" is neglect to perform legal duty as distinguished from failure to perform contractual duty). *See also Hatfield v. Palles*, 537 F. (2d) 1245 (4th Cir. 1976) and *Edwards, Inc., v. Arlen Realty and Development Corporation*, 466 F.Supp. 505 (D. S. C. 1978) (United States Court of Appeals and District Court, respectively, applied the law of South Carolina in accord with the foregoing cases beginning with *Timmons*).

Counsel for Paxton candidly concedes these cases are indistinguishable from the instant case. He argues the existing law is "harsh and extremely onerous" and should be overruled, although he is unable to cite any authority in support of his position. We must decline to do so. As we observed in one of the first opinions filed by this court:

---

[1] Consideration of two additional allegations of fact, embodied in her brief but not appearing in the Transcript of Record, is precluded by Supreme Court Rule 8, section 7. Removed from our consideration are the two proffered statements in tenant's brief that the landlord promised to make repairs and that the tenant was necessarily constrained to use the rear stairs.

The maintenance of a harmonious body of decisional law is essential to the efficient administration of justice. Therefore, if the judicial system is to operate efficiently, this court must be bound by the decisions of the Supreme Court. *Shea v. S. C. Department of Mental Retardation,* 279 S. C. 604, 608, 310 S. E. (2d) 819, 821 (S. C. App. 1983).[2]

For this reason, the order of the circuit court is

Affirmed.

GARDNER and GOOLSBY, JJ., concur.

---

[2] In fairness to counsel, it should be noted that the instant case was appealed to the Supreme Court and subsequently transferred to this court. Under the circumstances, counsel ably argued his position before us. He, of course, has the opportunity to seek certiorari of this decision.