### 1780

John VESPAZIANNI and Donna M. Vespazianni, Appellants v. Stan McALISTER, d/b/a McAlister Company, Respondent.

(415 S.E. (2d) 427)

Court of Appeals

*Hal J. Warlick,* Easley, *for appellants.*

*Fletcher C. Mann, Jr.,* Greenville, *for respondent.*

Heard Feb. 11, 1992.

Decided March 9, 1992.

*Per Curiam:*

Appellants John Vespazianni and Donna M. Vespazianni sued respondent Stan McAlister, d/b/a McAlister Company, a real estate agent, alleging he had failed to advise them of certain restrictive covenants on land they subsequently purchased. The Circuit Court granted Mr. McAlister's motion for judgment on the pleadings. Mr. and Mrs. Vespazianni appeal. We affirm.

The order of the Circuit Court, included in the Transcript of Record, is the form order filed with the Clerk of Court. It does not state the reason the Court granted the motion. Nor does the record contain the proceedings in the Circuit Court. Under the circumstances, "we must

assume the regularity of the proceedings below and the correctness of the ruling appealed from." *Broom v. Southeastern Highway Contracting Co., Inc.*, 291 S.C. 93, 97, 352 S.E. (2d) 302, 304 (Ct. App. 1986). The appellant has the burden of presenting a sufficient record for review. *Broom*, 291 S.C. 93, 352 S.E. (2d) 302. There is a presumption in favor of correctness of an order, and the appellant must overcome that presumption. *Dicks & Gillam, Inc. v. Cleland*, 295 S.C. 124, 367 S.E. (2d) 430 (Ct. App. 1988). For these reasons, we are required to affirm the order of the Circuit Court.

Pursuant to two of their three exceptions, Mr. and Mrs. Vespazianni argue that the Circuit Court erred in failing to rule on certain matters. Quite obviously, we cannot address these arguments for the reasons previously stated. Even if we were presented with a proper record, we would be prevented from addressing the arguments for another reason. Where a matter is not ruled on by the Circuit Court, the issue is not preserved for appellate review unless the complaining party moves to amend the judgment pursuant to Rule 59(e), SCRCP. *Noisette v. Ismail*, 304 S.C. 56, 403 S.E. (2d) 122 (1991); *Taylor v. Hoppin' Johns, Inc.*, — S.C. —, 405 S.E. (2d) 410 (Ct. App. 1991). It does not appear that Mr. and Mrs. Vespazianni made any such motion. We take this opportunity to remind the Bar that both this Court and our Supreme Court have repeatedly and explicitly held that such a motion is required in these circumstances.

Were we able to address this appeal on its merits, based on what we are able to glean from the arguments of the parties, we would reach the same result.

Affirmed.