2084

Bernadette M. DURKIN, Appellant v. Kevin HANSEN, Denise Hansen, Sea Breeze Property Management and Contract Services, Inc., Richard Bischoff d/b/a Rainbow International Carpet Dyeing and Cleaning Company, Douglas Alvarado, Rainbow International Carpet Dyeing and Cleaning Company, Inc., and World Wide Supply, Inc., Defendants, of whom Kevin Hansen, Denise Hansen and Sea Breeze Property Management and Contract Services, Inc., are Respondents.

(437 S.E. (2d) 550)

Court of Appeals

*Frederick C. Parsons, III* and *Stephan C. Ouverson,* both of *Law Offices of Frederick C. Parsons, III,* Surfside Beach, *for appellant.*

*Susan C. Pardue,* Myrtle Beach, and *Albert L. Wheless,* North Myrtle Beach, *for respondents.*

Heard, May 18, 1993.

Decided Oct. 25, 1993.

BURNETT, Acting Judge:

Bernadette M. Durkin brought this negligence action against Kevin Hansen, Denise Hansen, Sea Breeze Property Management and Contract Services, Inc.,[1] to recover damages for injuries she suffered when she slipped and fell in the kitchen of the condominium she was renting. The trial judge granted summary judgment in favor of the respondents. Durkin appeals. We reverse and remand.

## FACTS

Kevin and Denise Hansen (the Hansens) are the owners of a condominium unit at Myrtle Beach, South Carolina. Sea Breeze Property Management and Contract Services, Inc. (Sea Breeze), as agent of the Hansens, manages their condominium unit pursuant to a rental management agreement.

Bernadette M. Durkin (Durkin) leased the Hansen unit for the term of January 1990 through March 1990. Sea Breeze employed Rainbow International Carpet Dyeing and Cleaning Company (Rainbow) to clean carpets in the condominium complex. Rainbow is an independent contractor. The Hansen unit was scheduled for cleaning on February 5, 1990, during the term of the Durkin lease. On the morning of the scheduled cleaning, Durkin was requested to vacate the premises and was told the cleaning would take "2 to 2½ hours." Durkin returned to the condominium unit after four hours, slipped on a soapy substance on the tile floor of the kitchen, fell and was injured. Sea Breeze did not inspect the condominium unit subsequent to the cleaning. The cleaning had not been request by Durkin, nor had she complained of the carpet condition.

According to the transcript of the summary judgment hearing, the Hansens and Sea Breeze moved for summary judg-

---

[1] For convenience, the Hansens and Sea Breeze will be referred to collectively as respondents where appropriate.

ment on the ground that Rainbow was an independent contractor. The trial judge, by a form order, granted the motion.[2]

## LAW/ANALYSIS

Summary judgment is appropriate in those cases in which plain, palpable and undisputable facts exist on which reasonable minds cannot differ. It is not sufficient that one create an inference which is not reasonable or an issue of fact that is not genuine. *Main v. Corley*, 281 S.C. 525, 316 S.E. (2d) 406 (1984). Summary judgment is appropriate only when the pleadings, depositions, interrogatory answers, admissions, and affidavits show that there is no genuine issue of material fact. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed. (2d) 176 (1962).

The relationship of landlord and tenant, by itself, imposes no legal duty on the part of the landlord to keep in repair leased premises under the control of the tenant. *See Timmons v. Williams Wood Products Corp.*, 164 S.C. 361, 162 S.E. 329 (1932) (in the absence of contract, landlord is under no obligation to make repairs); *Pendarvis v. Wannamaker*, 173 S.C. 299, 175 S.E. 531 (1934) (complaint alleging tenant was injured through fall caused by insecurely fashioned porch plank, and landlord, in response to tenant's complaints, had failed to make promised repairs, held demurrable in absence of allegation that landlord had undertaken to make repairs during the tenancy and was negligent in doing so); *Conner v. Farmers and Merchants Bank*, 243 S.C. 132, 132 S.E. (2d) 385 (1963) (relationship of landlord and tenant imposes no duty on landlord to keep rented premises in repair in the absence of a contract to do so).

However, where the landlord undertakes to repair or improve the demised premises, whether he is under an obligation imposed by a covenant on his part to repair

---

[2] Respondents have urged this Court to affirm the trial court's ruling on the basis that a form order was handed down and Durkin failed to move to amend the judgment under Rule 59(e), SCRCP. Citing *Vespazianni v. McAlister*, 307 S.C. 411, 415 S.E. (2d) 427 (Ct. App. 1992), Respondents argue Durkin has failed to present a sufficient record for appellate review. We disagree. The record in this case, unlike *Vespazianni*, contains the complete proceedings in the circuit court, the form order, and portions of the depositions of the parties. We find the record presented is sufficient for review.

or improve or not, he is required to exercise reasonable care in making such repairs or improvements, and is liable for injuries caused by his negligence or unskillfulness or that of his servants and employees in making them or in leaving the premises in an unsafe condition. *Conner,* 243 S.C. at 140, 132 S.E. (2d) at 388-89.

A jury issue of liability would be present had the carpet cleaning been performed by the Hansens or Sea Breeze or their employees. The issue presented by this appeal is whether a jury issue exists as to their liability where the service was performed by independent contractors. We conclude it does.

It is generally held that "the owner of property . . . for whose benefit a work about such property is to be accomplished, is not held answerable for the negligence of an independent contractor to whom he has committed the work, to be done without his control in its progress." *Conlin v. City Council of Charleston,* 49 S.C.L. (15 Rich.) 201, 211 (1868); *see also Young v. Morrisey,* 285 S.C. 236, 242, 329 S.E. (2d) 426 (1985) (wherein the supreme court recognized an exception to the general rule of non-liability where the work performed by the independent contractor is inherently dangerous, but held the exception inapplicable). This rule of non-liability is, as noted, not without exception. A person who delegates to an independent contractor an absolute duty owed to another person remains liable for the negligence of the independent contractor just as if the independent contractor were an employee. 57 C.J.S. *Master and Servant,* § 591, at 365 (1948).

By the rental agreement entered into between the Hansens and Sea Breeze, as successor to Tower Management, Inc., Sea Breeze was authorized to enter the condominium unit for "inspections, to perform routine maintenance, and to effect such repair work as may be necessary, in the sole discretion of Agent, to keep the unit suitable for

[3] The RLTA provides, in pertinent part, "(a) A landlord shall: . . . (2) make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition. . . ." S.C. Code Ann. § 27-40-440 (1991). The RLTA was enacted subsequent to *Young v. Morrisey, supra. See Byerly v. Connor,* 307 S.C. 441, ___ n. 1, 415 S.E. (2d) 796, 798 n. 1 (1992) (recognizing the RLTA has abrogated the common law with regard to leases involving residential property). For an analysis of the legislative intent in enacting the RLTA, reference is made to *Watson v. Sellers,* 299 S.C. 426, 385 S.E. (2d) 369 (Ct. App. 1989).

rental. . . ." By this agreement, Sea Breeze was responsible for maintaining the condominium premises. In addition, the Hansens and Sea Breeze were bound by the South Carolina Residential Landlord and Tenant Act (RLTA) which imposes specified duties upon a landlord.[3]

The performance of duties assumed by Respondents by the rental agreement and those imposed by the RLTA may, of course, be delegated to others. However, liability for injury or damage resulting from the performance of these duties may not be avoided merely by the employment of an independent contractor. *See* 49 Am. Jur. (2d) *Landlord and Tenant* § 874, at 844 (1970) ("The trend of authority is . . . to apply the law of landlord and tenant in determining a landlord's liability for injuries resulting from the use of condition of premises, regardless of the doctrine of independent contract as applied in other cases.").

A landlord who makes repairs and improvements on the demised premises owes a duty of reasonable care to the occupying tenants which he cannot escape by placing the work with an independent contractor. *Livingston v. Essex Inv. Co.*, 219 N.C. 416, 14 S.E. (2d) 489 (1941); *Strayer v. Lindeman*, 68 Ohio St. (2d) 32, 22 O.O. (3d) 159, 427 N.E. (2d) 781 (1981); *see also* 49 Am. Jur. (2d) *Landlord and Tenant* § 875, at 846 (1970) ("[A] landlord who undertakes to make repairs or improvements for the benefit of his tenant, whether he is obligated by law or by agreement with the tenant to do so, or whether he does so gratuitously, cannot relieve himself from his liability for negligence in making such repairs or improvements by employing an independent contractor to do the work. . . ."). This is especially true where the work to be done is attended with danger to the tenant. 52 C.J.S. *Landlord and Tenant* § 417(12)(c), at 84 (1968). Moreover, a landlord owes his tenants a non-delegable duty not to create unsafe conditions on premises and is thus vicariously liable for torts of his independent contractor. *Hill v. McDonald*, 442 A. (2d) 133 (D.C. 1982).

In this case, Durkin did not request the cleaning of the carpet in the condominium, nor had she complained of its condition. Sea Breeze, acting as the agent of the Hansens, instructed her when the cleaning was to be done and requested

her to be absent during the "2 to 2½ hours" it would take to complete the cleaning. Considering the evidence in the light most favorable to Durkin, *Main v. Corley*, 281 S.C. 525, 316 S.E. (2d) 406 (1984), we find a material issue of fact exists as to whether Respondents breached their duty of care, assumed in the agreement, by undertaking the cleaning of the carpets in the condominium even though the work was actually performed by an independent contractor. *See Livingston v. Essex Investment Co.*, 219 N.C. 416, 14 S.E. (2d) 489 (1941) (wherein the court refused to hold a landlord had discharged his duty by employing an independent contractor to repair the brick steps leading to the leased premises where the tenant stepped on a brick which dislodged and caused her to fall); *see also* RESTATEMENT (SECOND) OF PROPERTY, *Landlord and Tenant* § 19.1 (1977) ("A landlord who employs an independent contractor to perform a duty which the landlord owes to his tenant to maintain the leased property in reasonably safe condition is subject to liability to the tenant . . . for physical harm caused by the contractor's failure to exercise reasonable care to make the leased property reasonably safe."); RESTATEMENT (SECOND) OF TORTS § 419 (1965) ("A lessor of land who employs an independent contractor to perform a duty which the lessor owes to his lessee to maintain the leased land in reasonably safe condition, is subject to liability to the lessee . . . for physical harm caused by the contractor's failure to exercise reasonable care to make the land reasonably safe."); RESTATEMENT (SECOND) OF PROPERTY, *Landlord and Tenant* § 19.3 (1977) ("A landlord who employs an independent contractor to make repairs that the landlord is under no duty to make, is subject to the same liability to the tenant . . . for physical harm caused by the contractor's negligence in making or purporting to make the repairs as though the contractor's conduct was that of the landlord.").

Respondents cannot insulate themselves from liability which has been assumed by agreement and, additionally, imposed by statute, by the mere employment of an independent contractor.

Reversed and remanded.