669 S.E.2d 615

Ted **CORBETT**, Appellant,

v.

Jordan William **WEAVER** and Michael Joel Weaver, Defendants,

**Of Whom Michael Joel Weaver is the, Respondent.**

No. 4440.

Court of Appeals of South Carolina.

Heard Sept. 16, 2008.

Decided Oct. 7, 2008.

Rehearing Denied Dec. 19, 2008.

E. Leroy Nettles, Sr. and Marian D. Nettles, both of Lake City, for Appellant.

Robert Brown, of Columbia, for Respondent.

WILLIAMS, J.:

Ted Corbett (Corbett) brought a negligence action against Jordan William Weaver (Jordan) and Michael Joel Weaver (Michael) following a motor vehicle accident. Corbett asserted Jordan was negligent and sought to assert liability against Michael under the family purpose doctrine. The trial court denied Corbett's motion for a directed verdict as to the applicability of the family purpose doctrine and his motion for a new trial. Corbett appeals the trial court's rulings. We affirm.

## FACTS

On April 27, 2004, sixteen-year-old Jordan was driving a 1994 Jeep Wrangler to NAPA Auto Parts to purchase an auto part for his father, Michael. As Jordan was returning to the family home in Timmonsville, South Carolina, he approached a T-intersection with a stop sign. Jordan testified he stopped at the stop sign and looked twice in both directions before turning left onto the main road. At the same time, Corbett was traveling in a northeasterly direction on the main road. As Jordan attempted to turn left onto the main road, the front passenger side of his Jeep collided with Corbett's vehicle. Corbett's vehicle rolled several times rendering him a paraplegic.

Thereafter, Corbett commenced an action against Jordan and Michael (collectively "the Weavers") based on the family purpose doctrine. While Jordan admitted liability based on his negligence, Michael contested liability arguing the family purpose doctrine did not apply.

At trial, it was stipulated that the case would be tried on two issues: (1) the amount of damages Corbett was entitled to and (2) whether Michael was liable pursuant to the family purpose doctrine.

During trial, Jordan testified[1] he normally drove the Jeep and used the Jeep to transport his brother to their school. In addition, Jordan stated his father gave the Jeep to him as a gift several months before he received his driver's license.

Michael also testified regarding the ownership and use of the Jeep, which was titled in his name. He stated Jordan lived at home on the date of the accident and was going to NAPA Auto Parts to purchase a part for Michael before the accident occurred. Michael also stated he owned three personal vehicles, including the Jeep, and these vehicles were for his use, his wife's use, and his children's use. However, Michael also testified the Jeep was a present to Jordan, as Jordan drove the Jeep more than any of the other family vehicles.

After the Weavers rested, Corbett moved for a directed verdict based on the family purpose doctrine. Corbett argued Michael purchased the Jeep, the Jeep was titled in Michael's name, Jordan was running an errand for Michael at the time of the accident, and the overall use of the vehicle was for family purposes, so Michael, as Jordan's father, should be vicariously liable for Jordan's actions. The trial court denied Corbett's motion finding conflicting testimony was introduced regarding the ownership of the Jeep such that a jury question existed as to whether the family purpose doctrine applied. The trial court charged the jury and specifically discussed the family purpose doctrine. Thereafter, the jury returned a verdict awarding $2,000,000 in actual damages against Jordan but found in favor of Michael and thus awarded no damages against him. Corbett made a post-trial motion for a new trial, which the trial court denied. This appeal follows.

## LAW/ANALYSIS

### I.  DIRECTED VERDICT MOTION

"In deciding whether to grant or deny a directed verdict motion, the trial court is concerned only with the

---

1. Because both parties stipulated the issue of liability and were only litigating the issues of damages and the applicability of the family purpose doctrine, the testimony references for Jordan and Michael are excerpts from Jordan and Michael's depositions, which were submitted into evidence during trial.

existence or non-existence of evidence." *Sims v. Giles*, 343 S.C. 708, 714, 541 S.E.2d 857, 861 (Ct.App.2001). The trial court must view the evidence in the light most favorable to the nonmoving party. *Id.* at 714, 541 S.E.2d at 860. If the evidence as a whole is susceptible to more than one reasonable inference, the case should be submitted to the jury. *Pond Place Partners, Inc. v. Poole*, 351 S.C. 1, 15, 567 S.E.2d 881, 888 (Ct.App.2002).

When reviewing the denial of a motion for directed verdict, this Court must apply the same standard and view the evidence and all reasonable inferences in the light most favorable to the nonmoving party. *Id.* "When considering directed verdict motions, neither the trial court nor the appellate court has authority to decide credibility issues or to resolve conflicts in the testimony or evidence." *Estate of Carr ex rel. Bolton v. Circle S Enters., Inc.*, 379 S.C. 31, 39, 664 S.E.2d 83, 86 (Ct.App.2008). The trial court can only be reversed by this Court when no evidence supports the ruling below or when the ruling is controlled by an error of law. *Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 434–35, 629 S.E.2d 642, 648 (2006).

At trial, Corbett moved for a directed verdict regarding Michael's liability pursuant to the family purpose doctrine. For the family purpose doctrine to apply, the following elements must be proven: (1) the defendant is the head of the family; (2) the defendant owns, furnishes, and maintains a vehicle; (3) the vehicle is for the general use and convenience of the family; (4) the family member has general authority to operate the vehicle for those purposes; and (5) the family member was negligent in the use of the vehicle. *Evans v. Stewart*, 370 S.C. 522, 527, 636 S.E.2d 632, 635 (Ct.App.2006). The applicability of the family purpose doctrine is generally a question of fact for the jury to decide, unless no factual issue exists, therefore, making its applicability an issue of law for the trial judge to determine. *Id.*

In support of his directed verdict motion, Corbett argued the testimony at trial supported Michael's liability under the family purpose doctrine. Corbett argued that

Michael was the owner of the vehicle because he purchased and had title to the Jeep. He also argued in the alternative that although Michael had given Jordan the Jeep, it was still used for family purposes. Corbett also made the argument that "[a] young person can't own a vehicle." In response to Corbett's arguments, the Weavers argued there was evidence that Jordan owned the Jeep. Michael and Jordan both testified the Jeep was a gift from Michael to Jordan.

■■■■ Viewing the evidence in the light most favorable to Michael, a jury issue existed regarding the ownership of the Jeep. The trial court was presented with conflicting evidence concerning ownership of the Jeep, allowing for two reasonable inferences about which party was the owner of the Jeep. The Jeep being titled in Michael's name was not conclusive evidence Michael was the owner of the Jeep, because title alone is not dispositive of ownership. *See id.*, at 528, 636 S.E.2d at 636 (explaining a vehicle titled in one's name is not always indicative of ownership of that vehicle). Furthermore, because there was evidence the Jeep was not provided by Michael for the general use and convenience of the family but rather was a gift to Jordan, a question of fact existed as to whether Michael should be held liable under the family purpose doctrine. *See Thompson v. Michael*, 315 S.C. 268, 273, 433 S.E.2d 853, 856 (1993) ("Since there is evidence the car was not provided by [the father who is the title-owner] for the general use and convenience of the family but rather was a gift to [the driver's sister], a question of fact exists whether [the father] is liable under the family purpose doctrine.").

One of the elements that must be proven for the family purpose doctrine to apply is that the head of the household owns the vehicle. *Evans*, 370 S.C. at 527, 636 S.E.2d at 635. With the conflicting evidence, ownership was a proper issue for the jury to determine, making the trial court's decision to deny the directed verdict motion proper. *Pond Place Partners, Inc.*, 351 S.C. at 15, 567 S.E.2d at 888 ("If the evidence as a whole is susceptible of more than one reasonable inference, the case should be submitted to the jury.").

## II. MOTION FOR A NEW TRIAL

■■■■ A trial court's order granting or denying a new trial upon the facts will not be disturbed unless its decision is

wholly unsupported by the evidence or the conclusion was controlled by an error of law. *Folkens v. Hunt,* 300 S.C. 251, 254–55, 387 S.E.2d 265, 267 (1990). When an order pertaining to a new trial is before this Court, our review is limited to the consideration of whether evidence exists to support the trial court's order. *Id.* at 255, 387 S.E.2d at 267.

As explained above, the record contains conflicting evidence as to who owned the Jeep, which was the basis for the trial court sending that issue to the jury. There was evidence Michael owned the Jeep, but there was also evidence Jordan owned the Jeep because it was a gift. The jury was required to make the decision as to who was the owner and decided Jordan was the owner of the Jeep. Sufficient evidence in the record supports this finding, which makes the trial court's denial of Corbett's motion for a new trial proper. *See Proctor v. Dep't of Health & Envtl. Control,* 368 S.C. 279, 293, 628 S.E.2d 496, 504 (Ct.App.2006) (stating if there is any evidence that could support the jury's findings, a motion for a new trial is properly denied).

## CONCLUSION

Based on the foregoing, the trial court's decision to deny the motion for a directed verdict and the motion for a new trial is

**AFFIRMED.**

ANDERSON and KONDUROS, JJ., concur.