JACOBUS, J.
 

 This is an appeal by Matthew Davies, C & W Trucking, and Titus Clark of a final summary judgment entered in favor of Commercial Metals Company. We find the summary judgment was properly entered and affirm, as there were no disputed issues of material fact. We write primarily to address a point of confusion that arose regarding the precise nature of the trial court’s decision.
 

 First, an overview of the case and the parties is in order. Matthew Davies was the plaintiff below. Commercial Metals Company, C & W Trucking, and Titus Clark were the defendants. Davies filed suit after he was seriously injured in an accident that occurred on the morning of October 12, 2005, when his car collided with the rear of a tractor-trailer rig that was reentering the highway from the shoulder. The tractor-trailer rig was owned by C & W Trucking and driven by Titus Clark. At the time of the accident, C & W Trucking was hauling a heavy load of scrap metal for Commercial Metals. Commercial Metals regularly retained C & W Trucking for this purpose.
 

 The first three counts of Davies’ amended complaint set forth various claims of negligence against C & W Trucking and Titus Clark. Count IV was the only cause of action asserted against Commercial Metals. This claim was for the negligent hiring and retention of C & W Trucking to transport scrap metal. The pertinent allegations were that:
 

 38. On one or more occasions during the time material hereto, Defendant Commercial Metals, its employees and agents knew or should have known that the carrier carrying their products, C & W Trucking, and its driver Clark, were carrying their goods in violation of the “hours of service” regulations under the FMCSR [Federal Motor Carrier Safety Regulations] which are applicable to carriers such as C & W Trucking and applicable to shippers such as Commercial Metals.
 

 39. At all times material hereto, Commercial Metals knew or should have known of the poor safety performance record of its chosen carrier, C & W Trucking and that C & W Trucking was an unsafe carrier.
 

 40. Even though Commercial Metals’ [sic] had knowledge or should have had knowledge that its chosen carrier, C & W Trucking, was an unsafe carrier, Commercial Metals breached its duty of care to all motorists using the public roadways, including Plaintiff Matthew Davies, by failing to fire C & W Trucking as the carrier of its goods, failed to try to remedy the situation in any way, failed to call the situation to C & W Trucking’s attention and thus negligently [sic] and/or hired C & W Trucking and its driver Clark and kept shipping its goods knowing that they were being shipped in violation of the FMCSR and
 
 *73
 
 at great hazard to the motoring public, including Plaintiff Matthew Davies.
 

 41. As a direct and proximate result of the negligence of Defendant, Commercial Metals, Matthew Davies suffered bodily injury and resulting pain and suffering, permanent and total disability, disfigurement, paralysis, mental anguish, loss of capacity for the enjoyment of life, incurred expenses of hospitalization, medical, chiropractic and nursing care and treatment, loss of earnings, loss of ability to earn money and an aggravation of a previously existing condition. Matthew Davies’ losses are either permanent or continuing and Plaintiff, Matthew Davies, will suffer these losses in the future.
 

 Another important allegation, found in the body of the complaint, was that Commercial Metals regularly retained C & W Trucking to transport heavy loads of scrap metal.
 

 Commercial Metals sought summary judgment on Count IV, arguing both that it failed to state a claim and that any claim sufficiently pleaded was defeated by the undisputed facts. The trial court granted the motion and entered final judgment in favor of Commercial Metals on Count IV. However, the trial court used confusing language to implement its decision. In concluding its order granting Commercial Metals’ motion for summary judgment, the trial court stated:
 

 This Court has examined all the documents and heard oral arguments pertaining to this case and concludes the defendant’s Motion for Summary Judgment is granted. The conclusory allegations in the Amended Complaint are insufficient to state a cause of action or create a duty on the part of Commercial Metals Company to third parties.
 

 Appellants point to the final sentence to assert the trial court actually held that Count IV failed to state a cause of action, not that there were no genuine issues of material fact. Indeed, this segment of the summary judgment order employs language in the nature of a dismissal. The record as a whole, however, confirms that the order granted summary judgment. Extensive discovery was conducted prior to the hearing on Commercial Metals’ motion. The hearing was noticed as a summary judgment hearing and the trial court’s decision clearly included consideration of the discovery materials. Notwithstanding the above-quoted language, it is clear the trial court found that there were no material fact issues and that Commercial Metals was entitled to judgment as a matter of law.
 

 We have addressed this matter because we agree with Appellants that the ultimate facts alleged in Count IV of the amended complaint sufficiently stated a cause of action for the negligent selection of an independent contractor. Florida recognizes this as a viable cause of action.
 
 See Suarez v. Gonzalez,
 
 820 So.2d 342 (Fla. 4th DCA 2002);
 
 McCall v. Alabama Bruno’s, Inc.,
 
 647 So.2d 175 (Fla. 1st DCA 1994). The basis for a negligent selection claim is found in section 411 of the Restatement (Second) of Torts, which states:
 

 An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor
 

 (a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or
 

 (b) to perform any duty which the employer owes to third persons.
 

 Suarez,
 
 820 So.2d at 345 (quoting Restatement (Second) of Torts § 411 (1965)).
 

 To state a claim for negligent selection of an independent contractor, a
 
 *74
 
 plaintiff must generally plead ultimate facts showing: (1) the contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the incompetence or unfitness was a proximate cause of the plaintiffs injury.
 
 See Jones v. C.H. Robinson Worldwide, Inc.,
 
 558 F.Supp.2d 630, 642-43 (W.D.Va.2008) (citing
 
 Puckrein v. ATI Transp., Inc.,
 
 186 N.J. 563, 897 A.2d 1034, 1042 (2006));
 
 see also Stander v. Dispoz-O-Products,
 
 973 So.2d 603, 610 (Fla. 4th DCA 2008) (Ernas, Assoc. J., dissenting) (citing
 
 Kinsey v. Spann,
 
 139 N.C.App. 370, 533 S.E.2d 487, 493 (2000)). As a threshold requirement, the contractor must have been hired (a) to do work involving a risk of harm unless skillfully and carefully done, or (b) to perform any duty owed by the employer to third persons. This is the duty element. Once the existence of a duty is established, then a breach may be shown by proving the contractor possessed an incompetence or unfitness about which the employer knew or, in the exercise of reasonable care, should have known. Finally, causation is established by proving the plaintiffs injury was a foreseeable result of the particular incompetence.
 

 We conclude that Count IV of the amended complaint satisfies the basic pleading requirements and states a claim under section 411(a) of the Restatement. Count IV can withstand a motion to dismiss, but not a motion for summary judgment. This is an unusual case where the plaintiff cannot, as a matter of law, establish the element of proximate cause under the undisputed facts. There is nothing in the record to support the allegations of causation found in Count IV. It is uncon-troverted that Titus Clark did not drive more hours than permitted by law the day before the accident. The night before the accident, he had a full night’s rest. His equipment was in good working order, and there was nothing to suggest that an equipment failure contributed to the accident. The accident may well have been caused by negligence on the part of Titus Clark, and possibly by Matthew Davies, but any such negligence was unrelated to the allegations against Commercial Metals in Count IV of the amended complaint.
 

 In short, summary judgment on Count IV was proper because Davies could not, as a matter of law under the undisputed facts, show that Commercial Metals’ alleged negligence in selecting C & W Trucking as its independent contractor proximately caused the accident or injuries. We therefore affirm the final summary judgment entered in favor of Commercial Metals on Count IV.
 

 AFFIRMED.
 

 MONACO, C.J. and PALMER, J., concur.