**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Raymond Armstrong, Appellant,

v.

Samuel J. Thompson, Respondent.

Appellate Case No. 2013-001102

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2015-UP-093
Submitted January 1, 2015 – Filed February 25, 2015

**AFFIRMED**

Shannon Lee Felder, of Solomon Law Group, LLC, of Columbia, for Appellant.

Catharine Garbee Griffin and Amber Jones Ivey, both of Baker, Ravenel & Bender, L.L.P., of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred by granting summary judgment even though Karen Moore's affidavit claimed Samuel Thompson had notice of the defect: *Eadie v. Krause*, 381 S.C. 55, 61, 671 S.E.2d 389, 392 (Ct. App. 2008) ("Summary judgment is proper where no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law."); *Durkin v. Hansen*, 313 S.C. 343, 346, 437 S.E.2d 550, 552 (Ct. App. 1993) ("The relationship of landlord and tenant, by itself, imposes no legal duty on the part of the landlord to keep in repair leased premises under the control of the tenant."); *Paxton v. Hinkle*, 282 S.C. 273, 274, 318 S.E.2d 123, 124 (Ct. App. 1984) (finding a tenant failed to state a cause of action despite the allegation he provided notice of the defect to the landlord prior to the defect causing personal injury).

2.  As to whether the trial court erred by granting summary judgment when Raymond Armstrong requested additional time for discovery to ascertain the basis of Moore's knowledge of Armstrong's alleged complaints to Thompson regarding the defect: *Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003) ("[T]he nonmoving party must demonstrate the likelihood that further discovery will uncover additional *relevant* evidence and that the party is not merely engaged in a fishing expedition."  (emphasis added) (internal quotation marks omitted)).

3.  As to whether the trial court erred by granting summary judgment even though there was evidence showing Thompson installed the piece of wood, which allegedly caused Armstrong's injuries, prior to Armstrong's tenancy: *Conner v. Farmers & Merchs. Bank*, 243 S.C. 132, 139, 132 S.E.2d 385, 388 (1963) ("The general rule has been adopted in this State that the relationship of landlord and tenant imposes no legal duty on the part of the former to keep the leased premises in repair . . . ."); *Creighton v. Coligny Plaza Ltd.*, 334 S.C. 96, 114, 512 S.E.2d 510, 519 (Ct. App. 1998) ("[A]fter the premises are surrendered to the lessee in good condition, the lessor is not responsible for hazardous conditions which thereafter develop or are created by a lessee."); *Conner*, 243 S.C. at 139, 132 S.E.2d at 388 (explaining there is an exception to this rule when "a lessor undertakes to repair or improve the leased premises and the work is done negligently, resulting in personal injury to the lessee"); *Pendarvis v. Wannamaker*, 173 S.C. 299, 301, 175 S.E. 531, 531 (1934) (finding dismissal of the tenant's action for failure to state a claim was appropriate when the tenant failed to allege "the repairs were undertaken *while the plaintiff was a tenant*" (emphasis added)).

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.