FILED: January 24, 2022

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 20-1440**
**(0:19-cv-03229-CMC)**

————————

LUCINDA S. RUH,

        Plaintiff - Appellant,

    v.

METAL RECYCLING SERVICES, LLC,

        Defendant - Appellee.

————————

O R D E R

————————

Pursuant to Rule 244 of the South Carolina Appellate Court Rules, we respectfully

certify the following question of law to the Supreme Court of South Carolina:

> Under South Carolina law, can an employer be subject to liability for harm
> caused by the negligent selection of an independent contractor?

We acknowledge that the Supreme Court of South Carolina may restate this

question. As we explain, we believe that no controlling South Carolina authority directly

answers the question. Moreover, the answer will determine whether the district court

properly concluded that the plaintiff's civil complaint and proposed amended complaint

did not allege facts falling within a recognized exception to the general rule that employers

are not liable for the acts of independent contractors, and thus whether the district court properly dismissed the action. Consequently, the answer will be determinative of this appeal.

I.

In 2017, Lucinda S. Ruh sustained injuries when a commercial motor vehicle operated by Cecil Norris, an employee of Norris Trucking1, LLC ("Norris Trucking1"), struck the vehicle Ruh was driving. Ruh claimed that Norris' negligence was the immediate cause of the collision. According to Ruh, at the time of the accident, Norris Trucking1 was transporting scrap metal pursuant to a contract with Metal Recycling Services, LLC ("MRS") and/or MRS's parent company, Nucor Corporation ("Nucor").

Ruh filed a civil complaint against MRS and Nucor in a South Carolina state court, seeking actual and punitive damages on the ground that MRS and/or Nucor breached a duty of care by hiring and/or retaining Norris Trucking1 when they knew or should have known that Norris Trucking1 had a poor safety record.[1] Defendants removed the action to the United States District Court for the District of South Carolina and filed motions to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The district court granted Defendants' motions to dismiss on the grounds that the complaint did not allege (1) an employment or similar relationship between Defendants and Norris Trucking1, or (2) facts that would support an exception to the general rule that a contracting party is not

---

[1] According to Ruh, at the time Defendants hired Norris Trucking1 to haul the scrap metal, there was significant publicly available information showing Norris Trucking1 was not a safe or competent motor carrier.

2

liable for the torts of an independent contractor. However, the district court delayed entry of the judgment by 10 days to afford Ruh an opportunity to seek leave to file an amended complaint.

Ruh filed a timely motion to amend, along with a proposed amended complaint. As relevant here, Ruh alleged in her proposed amended complaint that MRS negligently selected an incompetent or unfit independent contractor when it hired Norris Trucking1. The district court denied the motion to amend as futile and dismissed the action with prejudice, reiterating that South Carolina generally does not impose liability on an employer for the actions of an independent contractor and that Ruh had not alleged facts that would avoid this general rule. Ruh timely appealed, limiting her appeal to the issue of whether MRS was negligent in selecting Norris Trucking1 as an independent contractor, as alleged in her proposed amended complaint.

## II.

As the district court held, under South Carolina law, "[g]enerally, an employer is not liable for the torts of an independent contractor committed in the performance of contracted work." *Duane v. Presley Constr. Co., Inc.*, 244 S.E.2d 509, 510 (S.C. 1978); *see also Rock Hill Tel. Co., Inc. v. Globe Commc'ns., Inc.*, 611 S.E.2d 235, 238 (S.C. 2005). This principle derives from Restatement (Second) of Torts § 409 (1965), which provides that, "[e]xcept as stated in §§ 410-429, the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants."

3

Sections 410 through 429 of Restatement (Second) of Torts list various exceptions to this general principle, and South Carolina has recognized certain of these exceptions. *See, e.g., Simmons v. Tuomey Reg'l Med. Ctr.*, 533 S.E.2d 312, 322 (S.C. 2000) (adopting § 429 of Restatement (Second) of Torts and holding that hospital could be liable for negligence of independent contractor if independent contractor's services were accepted by someone on reasonable belief that independent contractor was member of hospital staff); *Durkin v. Hansen*, 437 S.E.2d 550, 553-54 (S.C. Ct. App. 1993) (holding, under § 419 of Restatement (Second) of Torts, that landlord could be liable for negligence of independent contractor based on nondelegable duty of reasonable care to tenants).

At issue in the instant case is the exception described in Restatement (Second) of Torts § 411:

> An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor (a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or (b) to perform any duty which the employer owes to third persons.

According to Ruh, § 411 applies to her case because transporting scrap metal in a commercial motor vehicle on a public highway involves a risk of physical harm unless it is skillfully and carefully done.

Ruh acknowledges that South Carolina has not adopted or applied § 411, but she contends that this is only because South Carolina has yet to consider the issue. According to Ruh, South Carolina would adopt § 411 if given the chance because (1) every state within the Fourth Circuit that has been asked to adopt or apply § 411 has done so; (2) South Carolina has adopted other exceptions to § 409; (3) South Carolina courts have expressed

4

in dicta that due care should be used in the selection of an independent contractor; and (4) § 411 is consistent with South Carolina law because South Carolina imposes a duty on employers to use due care in the selection of employees.

Ruh is correct that every other state in the Fourth Circuit has either expressly adopted § 411 or otherwise recognized a duty to hire a competent independent contractor. *See, e.g.*, *Perry v. Asphalt & Concrete Servs., Inc.*, 133 A.3d 1143, 1155 (Md. 2016) ("[A]n employer is liable for the acts of an independent contractor under the theory of negligent hiring if the harm is caused by 'some quality in the contractor which made it negligent for the employer to entrust the work to him.'" (quoting Restatement (Second) of Torts § 411 cmt. b)); *Little v. Omega Meats I, Inc.*, 615 S.E.2d 45, 48 (N.C. Ct. App. 2005) (recognizing "a direct claim against the employer based upon the actionable negligence of the employer in negligently hiring a third party"); *King v. Lens Creek Ltd. P'ship*, 483 S.E.2d 265, 269 (W. Va. 1996) (stating that employer can be liable "for its negligence in hiring an independent contractor who is not careful or competent" (citing Restatement (Second) of Torts § 411)); *Philip Morris, Inc. v. Emerson*, 368 S.E.2d 268, 278 (Va. 1988) (affirming imposition of liability on employer "for negligent hiring of an incompetent independent contractor" (citing Restatement (Second) of Torts § 411)).[2]

---

[2] Other states outside the Fourth Circuit have also recognized variations on this claim. *See, e.g.*, *Carney v. Union Pac. R.R. Co.*, 77 N.E.3d 1, 14 (Ill. 2016) (stating that "an employer may be liable in tort for failing to exercise reasonable care in selecting a careful and competent contractor" under "the rule set forth in [§] 411 of the Restatement"); *Davies v. Com. Metals Co.*, 46 So.3d 71, 73 (Fla. Dist. Ct. App. 2010) (stating that Florida recognizes "a cause of action for the negligent selection of an independent contractor" based on Restatement (Second) of Torts § 411).

Moreover, as Ruh argues, dicta from at least one older case lends credence to the idea that South Carolina would recognize such a duty. *See Conlin v. City Council of Charleston*, 15 Rich. 201, 211-12 (S.C. Ct. App. 1868) ("[U]nder suitable allegations the owner might be made responsible for the misconduct or negligence of a contractor known to be unworthy of trust, to whom a work involving danger to others was entrusted."). And, as noted above, South Carolina has recognized other exceptions to the general rule expressed in Restatement (Second) of Torts § 409. *See Simmons*, 533 S.E.2d at 322; *Durkin*, 437 S.E.2d at 553-54.

Ruh also contends that § 411 is consistent with South Carolina law because South Carolina imposes a duty on employers to use due care in the selection of employees. *See James v. Kelly Trucking Co.*, 661 S.E.2d 329, 330-31 (S.C. 2008). According to Ruh, the same duty imposed on an employer to select a competent employee should apply to the selection of a competent independent contractor because the basis for the duty—preventing foreseeable injury to third parties—applies equally whether the employer is hiring an employee or an independent contractor.[3]

---

[3] In her appellate brief, Ruh emphasizes the distinction between (1) adopting § 411 as an exception to the general rule that employers are not vicariously liable for the negligent acts of independent contractors, and (2) recognizing a direct cause of action for the negligent selection of an incompetent independent contractor. We agree that, in the context of an employer-employee relationship, there is an important distinction between a vicarious liability claim and a negligent hiring claim. *See James*, 661 S.E.2d at 330-31. This is because vicarious liability "is not predicated on the negligence of the employer, but upon the acts of the employee" whereas a negligent hiring claim is predicated "on the employer's own negligence." *Id.* In the context of an independent contractor, however, both theories are predicated on the employer's negligence. And, in fact, other courts that have imposed liability on employers under similar circumstances have relied on § 411 as "useful guidance

Ruh cites several cases that, she claims, indicate that South Carolina already recognizes a direct cause of action for the negligent selection of an independent contractor. However, in each of these cases, the court either declined to address the relevant issue, *see Anderson v. West*, 241 S.E.2d 551, 554 (S.C. 1978) (declining to consider objections to negligent selection of independent contractor theory because there was sufficient evidence of employer-employee relationship), or discussed an exception that does not apply to the instant case, *see Duane*, 244 S.E.2d at 510 (recognizing exception to nonliability when landowner breaches affirmative duty not to alter land in way that causes foreseeable injury to adjoining property); *Allison v. Ideal Laundry & Cleaners*, 55 S.E.2d 281, 282 (S.C. 1949) (recognizing "the established exception to the rule of non-liability of the employer for acts of negligence of his independent contractor where the work involves inherent or intrinsic danger"). Ruh thus fails to establish that South Carolina has already expressly recognized a direct cause of action for the negligent selection of an independent contractor. On the other hand, MRS has not presented any legal support for the proposition that South Carolina would refuse to recognize such a cause of action. Accordingly, the question of whether South Carolina would recognize a cause of action for this claim remains unsettled.

In response to Ruh's claims, MRS asserts that "South Carolina courts have consistently affirmed the general rule of non-liability for the acts of an independent

---

as to what constitutes a cause of action for negligent hiring," rather than treating them as distinct theories. *King*, 483 S.E.2d at 269; *see also Perry*, 133 A.3d at 1155; *Philip Morris*, 368 S.E.2d at 278; *Davies*, 46 So.3d at 73. We have therefore consolidated our analysis of Ruh's two arguments, and we certify the issue as a single question of law.

contractor and have only recognized a few limited exceptions which . . . have no application to the facts alleged by Ruh."[4]  This is technically correct, but it does not resolve the question of whether South Carolina would adopt § 411 or otherwise recognize a cause of action for the negligent selection of an independent contractor if presented with the opportunity.  We therefore believe that these facts raise a question of South Carolina law for which there is no controlling precedent, and we are unable to predict with confidence how the Supreme Court of South Carolina would rule.

---

[4] MRS also argues that transporting nonhazardous materials is not an activity that involves a risk of physical harm unless it is skillfully and carefully done and thus that, even if South Carolina adopts § 411, Ruh's allegations would fail to invoke the exception.  We disagree.  Courts that have considered this issue have repeatedly found that "the operation of a tractor-trailer on a public highway involves just such a risk of physical harm."  *Turner v. Syfan Logistics, Inc.*, 2016 WL 1559176, at *9 (W.D. Va. 2016) (internal quotation marks omitted); *see also Davies*, 46 So.3d at 73-74; *Bowman v. Huezo*, 2007 WL 9780487, at *6 (D. Md. 2007).  Moreover, comment (d) to Restatement (Second) of Torts § 411 provides the following example of when the exception would be applicable:

> A, a builder, employs B, a teamster, to haul material through the streets from a nearby railway station to the place where A is building a house.  A knows that B's trucks are old and in bad condition and that B habitually employs inexperienced and inattentive drivers.  C is run over by a truck carrying A's material and driven by one of B's employees.  A is subject to liability to C if the accident is due either to the bad condition of the truck or the inexperience or inattention of the driver.

This suggests that the drafters of Restatement (Second) of Torts intended hauling materials on a public road to fall within the exception described in § 411.

8

III.

In light of the above, we respectfully request that the Supreme Court of South Carolina accept and answer the foregoing certified question to provide the parties, the courts, future litigants, and the public with definitive guidance on this issue.

We direct the Clerk of Court to forward a copy of this order under official seal to the Supreme Court of South Carolina.

Entered at the direction of Judge Niemeyer with the concurrence of Chief Judge Gregory and Senior Judge Floyd.

*QUESTION CERTIFIED*

9