22541

Shirley L. DORAN, Appellant v. John D. DORAN, Respondent.

(343 S. E. (2d) 618)

Supreme Court

*Philip A. Middleton*, Charleston, *for appellant.*

*Joseph S. Mendelsohn*, Charleston, *for respondent.*

Heard March 12, 1986.

Decided May 5, 1986.

NESS, Chief Justice:

Wife appeals an order of the family court which granted respondent husband an interest in wife's savings account. We reverse.

In his petition for divorce, husband sought equitable distribution of the marital assets. Wife listed on her financial declaration a savings account containing $44,000. In its final order, the trial judge equitably divided various real and personal property of the parties, but did not expressly mention the savings account. Neither party appealed the final order.

More than a month later, the trial judge, *sua sponte*, issued a supplemental order reserving jurisdiction to equitably divide the savings account. After a hearing, he awarded husband fifty-seven percent of the savings account.

Wife asserts the trial judge had no jurisdiction to modify the final order. We agree. A trial judge loses jurisdiction to modify an order after the term at which it is issued, except for the correction of clerical orders. *Whittle v. Multiple Services, Inc.*, 283 S. C. 559, 324 S. E. (2d) 62 (1984).[1] Once the term ends, the order is no longer subject to any amendment or modification which involves the exercise of judgment or discretion on the merits of the action. *Center v. Center*, 269 S. C. 367, 237 S. E. (2d) 491 (1977).

Wife's savings account was listed on her financial declaration, and was presumably considered by the trial judge in making the award of equitable distribution. The final order in the divorce action purported to be a final distribution of marital assets. When neither party appealed the final order, it became the law of the case. No objection can be made to an appealable order from which no appeal was taken. *Parker v. South Carolina Public Service Commission*, _____ Ga. _____, 342 S. E. (2d) 403 (1986).

The order of the trial judge is reversed.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[1] Under Rule 59(e), S.C.R.C.P., a trial judge may alter or amend an order for a period of ten days after the entry of judgment. This case was heard prior to the adoption of the S.C.R.C.P.