530 S.E.2d 127

John K. LEVINER, Respondent,

v.

SONOCO PRODUCTS COMPANY, Petitioner.

No. 25102.

Supreme Court of South Carolina.

Heard Feb. 16, 2000.

Decided April 3, 2000.

Michael A. Farry and David A. Wilson, both of Horton, Drawdy, Ward & Black, P.A., of Greenville, for petitioner.

J. Michael Baxley and Martin S. Driggers, both of Driggers, Baxley & Moyd Law Office, of Hartsville, for respondent.

PER CURIAM:

We granted certiorari to review a decision of the Court of Appeals remanding this worker's compensation case to the single commissioner for a de novo hearing. *Leviner v. Sonoco Products Co.*, Op. No. 98–UP–280 (S.C.Ct.App. refiled August 28, 1998). We now affirm as modified.

The single commissioner found respondent had reached maximum medical improvement (MMI) and awarded him permanent disability. The full commission affirmed. Respondent appealed to the circuit court, which issued a form order on January 8, 1997, remanding the case to the single commissioner. This form order was filed on January 10, 1997. Neither party filed a Rule 59(e), SCRCP, motion within the ten day period allowed by that rule.

On February 10, 1997, the circuit court issued a full written order purporting to vacate the commission orders and finding respondent totally disabled. Employer (petitioner) appealed, and the Court of Appeals reversed the February order, holding the circuit court exceeded its appellate jurisdiction in finding respondent totally disabled, and remanded the matter to the single commissioner pursuant to the January form order. We granted certiorari.

■ The form order, titled "Judgment in a civil case", was filed on January 10, 1997, remanding the case back to the single commissioner. Admittedly, this order does not contain adequate findings of facts or conclusions of law to enable the commissioner to know exactly what acts he was to perform on remand. None-the-less, neither party filed a Rule 59(e) motion within the 10 day period allowed asking for a clarification.

*Compare Vespazianni v. McAlister,* 307 S.C. 411, 415 S.E.2d 427 (Ct.App.1992) (appeal from form order must be affirmed where no Rule 59 motion made). Further, the trial judge's full written order filed February 10, 1997, more than thirty days later, was patently untimely. Under Rule 59(e), SCRCP, the trial judge has only ten days from entry of judgment to alter or amend an earlier order on his own initiative absent a "reservation" of jurisdiction in the form order. *Cf.,* Rule 203(b)(1), SCACR, "when a form or other short order or judgment indicates that a more full and complete order or judgment is to follow, a party need not appeal until receipt of written notice of entry of the more complete order or judgment." There was no such reservation in the January form order. When no timely Rule 59 motion was made nor timely sua sponte order filed under Rule 59(e), the January form order "matured" into a final judgment. The order filed on February 10 was a nullity because the trial judge no longer had jurisdiction over the matter. *See Doran v. Doran,* 288 S.C. 477, 343 S.E.2d 618 (1986) (in appeal decided under predecessor to SCRCP, court held judge lost jurisdiction to issue supplemental order after end of term, and noted in footnote that under Rule 59(e), judge would have jurisdiction to alter or amend order for a 10 day period after entry of judgment).

Since the February order was a nullity, the final order here was the January remand order. While final, this order was not directly appealable since it remanded the matter to the single commissioner for further proceedings. *Montjoy v. Asten–Hill Dryer Fabrics,* 316 S.C. 52, 446 S.E.2d 618 (1994). Accordingly, the Court of Appeals should have dismissed this appeal from the void February order, leaving intact the January remand order. This is effectively the result reached by the Court of Appeals. Accordingly, the decision of the Court of Appeals is

AFFIRMED AS MODIFIED.