570 S.E.2d 187

**David and Beverly PITMAN, Appellants,**

v.

**REPUBLIC LEASING COMPANY, INC., Respondent.**

No. 3463.

Court of Appeals of South Carolina.

Heard Feb. 4, 2002.

Decided March 25, 2002.

Melvin D. Bannister, of Columbia, for appellants.

W. Cliff Moore, III, of Ellis, Lawhorne & Sims, of Columbia, for respondent.

HEARN, C.J.:

David and Beverly Pitman appeal the trial court's award of attorney's fees and costs to Republic Leasing Company under the Frivolous Proceedings Sanctions Act (the Act), claiming the trial judge lacked jurisdiction and abused his discretion. We vacate.

## FACTS

David and Beverly Pitman filed suit against Republic Leasing for violation of the Payment of Wages Act, S.C.Code Ann. § 41–10–10 (Supp.2000), and breach of contract to recover allegedly unpaid vacation time, incentive pay, moving expenses, and bonus pay. Republic Leasing answered, denying that the Pitmans were their employees. The Pitmans admitted that they were employees of HRC ARMCO, not Republic Leasing, and that HRC ARMCO issued their paychecks and prepared their W–2 forms. On January 17, 2000, Republic Leasing filed a motion for summary judgment which was granted by the trial court. The summary judgment order was filed April 28, 2000. Republic Leasing thereafter filed its notice of motion and motion for sanctions pursuant to the Frivolous Proceedings Sanctions Act on June 23, 2000. The circuit judge held the hearing in Spartanburg County on August 23, 2000 and awarded attorney's fees of $9,766.00 against the Pitmans as a sanction for filing a frivolous claim. The Pitmans appeal.

## DISCUSSION

The award of statutory attorney's fees sounds in equity. *Hanahan v. Simpson*, 326 S.C. 140, 156, 485 S.E.2d 903, 912 (1997). Therefore, in reviewing the award to Republic Leasing we may take our own view of the preponderance of the evidence. *Id.* However, we must always take notice of the lack of subject matter jurisdiction. *Amisub of S.C. v. Passmore*, 316 S.C. 112, 114, 447 S.E.2d 207, 208 (1994); *see also Johnson v. State*, 319 S.C. 62, 64, 459 S.E.2d 840, 841 (1995)

(stating issues related to subject matter jurisdiction can be raised at any time).

The Pitmans claim the trial court lacked subject matter jurisdiction to award attorney's fees against them under the Act because the motion was not timely. The Pitmans analogize the motion for sanctions to a post-trial motion and argue that pursuant to Rule 59, SCRCP, the motion for sanctions must be filed within ten days of final judgment. Republic Leasing, however, interprets the Act to allow a motion for sanctions to be brought at any time after receipt of final judgment, barring the equitable defenses of laches and estoppel. We agree with the Pitmans that the trial judge in this case lacked subject matter jurisdiction to consider sanctions, and we vacate the award of attorney's fees.

■ The cardinal rule of statutory construction is that the court must ascertain and effectuate the intent of the legislature. *State v. Prince*, 335 S.C. 466, 472, 517 S.E.2d 229, 232 (Ct.App.1999). Statutes "should be construed with reference to the whole system of law of which they form a part," and "must receive [a] practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of lawmakers." *Father v. S.C. Dep't of Soc. Servs.*, 345 S.C. 57, 65, 545 S.E.2d 523, 527 (Ct.App.2001) (citations omitted).

The Act provides for the assessment of attorney's fees and court costs against:

> Any person who takes part in the procurement, initiation, continuation, or defense of any civil proceeding ... if: (1) he does so primarily for a purpose other than that of securing the proper discovery, joinder of parties, or adjudication of the claim upon which the proceedings are based; and (2) the proceedings have terminated in favor of the person seeking an assessment of the fees and costs.

S.C.Code Ann. § 15–36–10 (Supp.2000). The Act allows the trial court to award attorney's fees and court costs to the successful litigant "determined ... at the conclusion of a trial upon motion of the aggrieved party. . . ." S.C.Code Ann. § 15–36–30 (Supp.2000). Other than the phrase "at the conclusion of the trial," no specific time limit is contained within the Act for the filing of a motion for sanctions.

Initially we note that section 15–36–30's use of the word "trial" is a misnomer because when a case survives summary

judgment and proceeds to trial, an award of sanctions is precluded. *Hanahan v. Simpson*, 326 S.C. 140, 157–58, 485 S.E.2d 903, 912–13 (1997); *Whitfield Constr. v. Bank of Tokyo Trust Co.*, 338 S.C. 207, 221, 525 S.E.2d 888, 896 (Ct.App. 1999). Thus, we cannot interpret the phrase "at the conclusion of the trial" literally because a request for sanctions is not cognizable when there has been a trial in the case. *Id.* Moreover, section 15–36–10(2) provides that a sanctions claim is viable only when "the proceedings have terminated in favor of the person seeking an assessment of the fees and costs." Construing these provisions together in light of the established case law, it is clear that Republic Leasing's request for sanctions did not have to be raised until it received notice of the summary judgment ruling in its favor.[1] Additionally, because a trial judge retains jurisdiction pursuant to Rule 59(e), SCRCP, to alter or amend a judgment within ten days of its issuance, a motion for sanctions would be timely if filed within ten days of judgment. Here, however, Republic Leasing waited until almost two months after the grant of summary judgment to move for sanctions under the Act. At that time, the trial judge no longer had jurisdiction over the case.

We cannot accept Republic Leasing's argument that because proceedings under the Act sound in equity, the trial judge retains jurisdiction to consider a motion for sanctions limited only by the equitable defenses of estoppel and laches. Absent specific statutory language vesting the trial judge with continuing jurisdiction, we refuse to hold that a trial judge

---

1. Until the adoption of the South Carolina Rules of Civil Procedure, the well-settled rule in this state was that a trial judge possessed the authority to modify his own judgments only until the expiration of the term of court. *Center v. Center*, 269 S.C. 367, 372, 237 S.E.2d 491, 494 (1977); *see Leviner v. Sonoco Prods. Co.*, 339 S.C. 492, 494, 530 S.E.2d 127, 128 (2000). Furthermore, "[n]o authority is given to him to hear and determine [a] new matter, even though such new matter may arise in the same case." *State v. Best*, 257 S.C. 361, 370, 186 S.E.2d 272, 276 (1972). Whether or not Rule 59(e), SCRCP, supersedes this rule entirely or is merely an exception to it has not been decided by our supreme court. *See Doran v. Doran*, 288 S.C. 477, 478, 343 S.E.2d 618, 619 (1986). While the Act does not provide a specific exception to this rule, it provides that a request for sanctions does not ripen until there has been a termination of the proceedings in favor of the moving party. Therefore, the trial judge here necessarily retained jurisdiction to consider a request for sanctions because the summary judgment motion was under advisement when he left the circuit.

retains jurisdiction to consider a motion for sanctions beyond ten days after entry of the judgment. Such an interpretation would run counter to our established case law that a trial judge loses jurisdiction over a case when the time to file post-trial motions has elapsed. *See Cox v. Fleetwood Homes of Ga., Inc.*, 334 S.C. 55, 58, 512 S.E.2d 498, 500 (1999) (stating that an exception to the rule that a judge assigned to a circuit must exercise his judicial powers while within the territorial limits of that circuit "is that a judge retains jurisdiction to consider timely post-trial motions even though no longer assigned to the circuit.") (citing Rules 50(e), 52(c), and 59(f), SCRCP).

Accordingly, we vacate the trial court's award of attorney's fees.

**VACATED.**

GOOLSBY and HUFF, JJ., concur.