637 S.E.2d 316

**Robert D. RUTLAND, Appellant,**

v.

**HOLLER, DENNIS, CORBETT, ORMOND & GARNER (LAW FIRM) and James J. Corbett (Individual), Respondents.**

**No. 4171.**

Court of Appeals of South Carolina.

Submitted Oct. 1, 2006.

Decided Oct. 30, 2006.

Robert D. Rutland, pro se, of West Columbia.

Cynthia K. Mason, of Columbia, Daniel Roy Settana, Jr., of Columbia, for Respondents.

BEATTY, J.:

Robert Rutland appeals the circuit court's order awarding attorney's fees and costs to Respondents pursuant to the South Carolina Frivolous Civil Proceedings Sanctions Act. We affirm.[1]

## FACTS

In 1987, Rutland was terminated from his employment as a project engineer for Yates Development Corporation (Corporation). After the Corporation filed for bankruptcy in 1991, a dispute over the Corporation's patents arose between Rutland and Larry Yates, the owner of the Corporation. In conjunction with this dispute, Yates was indicted in federal court for bankruptcy fraud. Pursuant to an agreement, the charge was dismissed against Yates. In turn, Yates, who was represented by Francis Draine, filed a federal action against Rutland, the United States, and several government officials for what he claimed to be a groundless indictment and prosecution. After the case against Rutland was dismissed by the federal district court, Rutland brought suit, case number 97–CP–40–4380, in the Richland County Court of Common Pleas against Yates and Draine for several causes of action, including malicious prosecution. Although the court granted summary judgment in favor of Draine, Rutland's counsel, James Corbett, obtained a $350,000 judgment against Yates. Corbett appealed the dismissal of the case against Draine to this court. After we affirmed the grant of summary judgment, Rutland's counsel petitioned for certiorari to our supreme court. The supreme court denied the petition.

Subsequently, Rutland, proceeding *pro se,* sued Corbett and his law firm for legal malpractice, breach of contract, and fraud in case number 02–CP–40–1724. On January 30, 2004, Circuit Court Judge Alison Lee issued a form order, and ultimately a formal order, granting summary judgment in favor of Corbett and his law firm on the cause of action for legal malpractice and denying summary judgment for the remaining claims. On February 11, 2004, Circuit Court Judge

---

1. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

Reginald Lloyd dismissed Rutland's claims for breach of contract and fraud pursuant to Rule 12(h)(2) of the South Carolina Rules of Civil Procedure.

While case number 02–CP–40–1724 was pending, Rutland filed another lawsuit against Corbett, case number 02–CP–40–1843, alleging legal malpractice arising out of the circuit court trial in which Corbett obtained a verdict of $350,000 in favor of Rutland against Yates. This lawsuit ended in a grant of summary judgment for Corbett.

On February 24, 2004, Rutland filed a third lawsuit, case number 04–CP–40–0900, against Corbett and his law firm for breach of contract and fraud based on the above-outlined facts. After a hearing, Circuit Court Judge Casey Manning issued a form order on August 9, 2004, granting the defendants' motion to dismiss. Judge Manning indicated that he would issue a formal order. The clerk of court's office mailed a copy of the form order to the parties on August 10, 2004.

█ On September 1, 2004, Respondents filed a motion for attorney's fees and costs pursuant to the South Carolina Frivolous Civil Proceedings Sanctions Act.[2] On December 7, 2004, Judge Manning issued his formal order in which he dismissed Rutland's lawsuit against Respondents on the grounds of res judicata/collateral estoppel and insufficient service of process.[3] A hearing on Respondents' motion for attorney's fees and costs was originally scheduled for December 7, 2004, but was continued until April 12, 2005, as a result of Rutland being hospitalized.

By order dated September 20, 2005, Judge Manning granted Respondents' motion for attorney's fees and costs in the amount of $2,585.79. Rutland appeals.

---

2. The provisions of this Act are outlined in sections 15–36–10 through 15–36–50 of the South Carolina Code. S.C.Code Ann. §§ 15–36–10 to –50 (2005). We note that section 15–36–10 was completely revised by Act No. 27, 2005 S.C. Acts 114, § 5, which became effective on July 1, 2005, and sections 15–36–20 through –50 were repealed by Act No. 27, 2005 S.C. Acts 121, § 12, which became effective on March 21, 2005. Because Respondents filed their motion on September 1, 2004, we believe the original Act still governed Judge Manning's decision. Moreover, Rutland does not challenge the applicability of the former Act.

3. Rutland appealed this order on January 5, 2005, but voluntarily withdrew the appeal shortly after filing it.

## DISCUSSION

### I.

 Rutland argues Judge Manning did not have jurisdiction to rule on Respondents' motion for attorney's fees and costs because the motion was untimely. Specifically, Rutland contends Respondents failed to file their motion within ten days of Judge Manning's order dismissing Rutland's lawsuit on August 9, 2004. We disagree.

 "The established case law is that a trial judge loses jurisdiction over a case when the time to file post-trial motions has elapsed." *Ex parte Beard,* 359 S.C. 351, 358, 597 S.E.2d 835, 838 (Ct.App.2004). "[B]ecause a trial judge retains jurisdiction pursuant to Rule 59(e), SCRCP, to alter or amend a judgment within ten days of its issuance, a motion for sanctions would be timely if filed within ten days of judgment." *Pitman v. Republic Leasing Co.,* 351 S.C. 429, 431, 570 S.E.2d 187, 189 (Ct.App.2002).

In the instant case, Judge Manning issued a form order dismissing Rutland's case against Respondents on August 9, 2004. In issuing this order, Judge Manning specifically indicated that he intended to file a formal order. Thus, Judge Manning retained jurisdiction until the time for post-trial motions elapsed after the issuance of his formal order on December 7, 2004. Accordingly, Respondents' motion filed on September.1, 2004, was timely and Judge Manning had jurisdiction to rule on the motion. *See Cheap–O's Truck Stop, Inc. v. Cloyd,* 350 S.C. 596, 605, 567 S.E.2d 514, 518 (Ct.App.2002) (noting that a form order is not a final order if the circuit court specifies that a formal order will be filed); *see also Culbertson v. Clemens,* 322 S.C. 20, 23, 471 S.E.2d 163, 164 (1996) ("Any judgment or decree, leaving some further act to be done by the court before the rights of the parties are determined, is interlocutory and not final.").

### II.

 Turning to the merits of the appeal, Rutland argues Judge Manning erred in granting Respondents' motion. Rutland contends Respondents failed to meet the burden of proof as required under the South Carolina Frivolous Civil Proceedings Sanctions Act. Additionally, Rutland asserts he presented

evidence that he brought the causes of action against Respondents with a proper purpose, thus, negating the imposition of sanctions under the Act. We disagree.

"The determination of whether attorney's fees should be awarded under the Frivolous Proceedings Act is treated as one in equity." *Hanahan v. Simpson*, 326 S.C. 140, 156, 485 S.E.2d 903, 912 (1997). "In reviewing the award in issue, this Court may take its own view of the preponderance of the evidence." *Id.* "However, following the determination of facts, an appellate court applies an abuse of discretion standard in reviewing the decision to award sanctions and the specific sanctions awarded." *Ex parte Beard*, 359 S.C. at 357, 597 S.E.2d at 838.

The South Carolina Frivolous Civil Proceedings Sanctions Act provides:

> Any person who takes part in the procurement, initiation, continuation, or defense of any civil proceeding is subject to being assessed for payment of all or a portion of the attorney's fees and court costs of the other party if:
> (1) he does so primarily for a purpose other than that of securing the proper discovery, joinder of parties, or adjudication of the claim upon which the proceedings are based; and
> (2) the proceedings have terminated in favor of the person seeking an assessment of the fees and costs.

S.C.Code Ann. § 15–36–10 (2005).

In order for a litigant to receive attorney's fees and costs under the Act, he has the burden of proving:

> (1) the other party has procured, initiated, continued, or defended the civil proceedings against him;
> (2) the proceedings were terminated in his favor;
> (3) the primary purpose for which the proceedings were procured, initiated, continued, or defended was not that of securing the proper discovery, joinder of parties, or adjudication of the civil proceedings;
> (4) the aggrieved person has incurred attorney's fees and court costs; and
> (5) the amount of the fees and costs set forth in item (4).

S.C.Code Ann. § 15–36–40 (2005). "Section 15–36–20 creates a presumption that a person taking part in the initiation or

continuation of proceedings acted with a proper purpose 'if he reasonably believes in the existence of facts upon which his claim is based' and ... reasonably believes under the facts that his claim may be valid under existing or developing law." *Hanahan,* 326 S.C. at 156, 485 S.E.2d at 912 (quoting S.C.Code Ann. § 15–36–20(1)(Supp.1995)).

Here, Judge Manning found Respondents established that Rutland filed this lawsuit "primarily for a purpose other than securing discovery or adjudication of a claim and that the lawsuit was terminated in their favor." Additionally, Judge Manning stated "[Rutland] was unable to establish that he instituted this action for a proper purpose as defined by South Carolina Code Annotated § 15–36–20."

Taking our own view of the preponderance of the evidence, we find Judge Manning properly imposed sanctions and awarded Respondents attorney's fees and costs. In terms of Respondents' burden of proof, they established the requisite elements of section 15–36–40. Respondents offered evidence: (1) that Rutland initiated case number 04–CP–40–0900 against them; (2) the lawsuit was dismissed; (3) they incurred attorney's fees and costs in defending against the action; and (4) of the amount of the fees and costs. Furthermore, Respondents were able to show that the primary purpose for which the proceedings were initiated "was not that of securing the proper ... adjudication of the civil proceedings." A review of the record reveals that the lawsuit at issue alleged causes of action for the same complaint as the previous lawsuits, *i.e.,* Rutland's dissatisfaction with Corbett and his law firm. Significantly, Rutland filed one of the lawsuits despite the fact that Corbett procured a judgment in his favor of $350,000. Rutland also withdrew his appeal of Judge Manning's dismissal of the instant lawsuit. Furthermore, the complaints were ultimately resolved in favor of Respondents either through a grant of summary judgment or, as in the instant lawsuit, a motion to dismiss. In light of this unsuccessful procedural history, it is inconceivable that Rutland reasonably believed that his claims against Respondents were valid.

### III.

In the alternative, Rutland contends Judge Manning erred in awarding Respondents attorney's fees and costs in

the amount of $2,585.79. He asserts Judge Manning failed to limit the amount awarded to the affidavit submitted by Respondents in support of their motion. We disagree.

In support of their motion for attorney's fees and costs, Respondents submitted an affidavit on September 1, 2004, in which they requested an award of $1,397.39. At the hearing on the motion, which was held on April 12, 2005, Respondents requested a total of $2,585.79 for additional fees and costs incurred for the continued defense of Rutland's action against them.

It is indisputable Respondents incurred attorney's fees and costs in defending against case number 04–CP–40–0900 at the trial level and in preparing for the appeal of Judge Manning's dismissal of the case. Respondents offered evidence of the amount requested through Corbett's affidavit. Respondents' counsel also indicated that Respondents had incurred additional fees since the affidavit was submitted for a total of $2,585.79. Thus, we find Judge Manning did not abuse his discretion in awarding the entire amount requested by Respondents.

Accordingly, the decision of the circuit court is

**AFFIRMED.**

GOOLSBY and WILLIAMS, JJ., concur.