**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

George Cleveland, Appellant,

v.

City of Seneca, Mayor Daniel Alexander, in his official capacity as Mayor for the City of Seneca, and Mayor Pro Tem Ronnie O'Kelly for the City of Seneca, Respondents.

Appellate Case No. 2010-161289

Appeal From Oconee County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2012-UP-666
Submitted November 1, 2012 – Filed December 19, 2012

**AFFIRMED**

George Cleveland, of Seneca, pro se.

Lane Whittaker Davis, of Nelson Mullins Riley & Scarborough, LLP, of Greenville; and City Attorney Michael J. Smith, of Seneca, for Respondents.

**PER CURIAM:** George Cleveland appeals the trial court's grant of summary judgment, arguing the trial court erred in (1) finding he failed to state a claim, (2) finding he lacked standing, (3) ruling he was not entitled to punitive damages, and (4) awarding Respondents attorney's fees.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in finding Cleveland failed to state a claim: *Humana Hosp.-Bayside v. Lightle*, 305 S.C. 214, 216, 407 S.E.2d 637, 638 (1991) ("Where the plaintiff relies solely upon the pleadings, files no counter-affidavits, and makes no factual showing in opposition to a motion for summary judgment, the [trial] court is required under Rule 56, to grant summary judgment, if, under the facts presented by the defendant, he was entitled to judgment as a matter of law.").

2.  As to whether the trial court erred in finding Cleveland lacked standing: *ATC S., Inc. v. Charleston Cnty.*, 380 S.C. 191, 198, 669 S.E.2d 337, 340-41 (2008) ("[A] taxpayer lacks standing when he 'suffers in some indefinite way in common with people generally.'" (quoting *Frothingham v. Mellon*, 262 U.S. 447, 488 (1923))).

3.  As to whether the trial court properly denied Cleveland's request for punitive damages: *Moore v. Benson*, 390 S.C. 153, 165, 700 S.E.2d 273, 280 (Ct. App. 2010) ("Punitive damages may only be awarded upon an underlying finding of actual damages.").

4.  As to whether the trial court properly awarded Respondents attorney's fees: *Rutland v. Holler, Dennis, Corbett, Ormond & Garner (Law Firm)*, 371 S.C. 91, 97, 637 S.E.2d 316, 319 (Ct. App. 2006) ("[F]ollowing the determination of facts, an appellate court applies an abuse of discretion standard in reviewing the decision to award sanctions and the specific sanctions awarded.").

**AFFIRMED.**[1]

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.