**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Michael Mauldin, Respondent,

v.

Carol Vander Heide, Murray Mitchell, Pamela Weiss, Eileen Korpita, Karl Werdunn, Debra Werdunn, and Mark E. Kosobucki, Defendants,

Of Whom Murray Mitchell and Pamela Weiss are Appellants.

Appellate Case No. 2012-212219

---

Appeal From Lexington County
William P. Keesley, Circuit Court Judge

---

Unpublished Opinion No. 2014-UP-081
Heard January 15, 2014 – Filed February 26, 2014

---

**AFFIRMED**

---

Susan King Dunn, of Charleston, for Appellants.

Warren C. Powell, Jr., of Bruner Powell Wall & Mullins, LLC, J. Lewis Cromer and Julius Wistar Babb, IV, both of J. Lewis Cromer & Associates, LLC, and John P. Freeman, all of Columbia, for Respondent.

---

**PER CURIAM:**  Appellants Murray Mitchell and Pamela Weiss appeal the denial of an award of sanctions under Rule 11 of the South Carolina Rules of Civil Procedure and the South Carolina Frivolous Civil Proceedings Sanctions Act ("FPA").  We affirm.

Michael Mauldin, a former girls soccer coach at Irmo High School, sued seven parents—all of whom had daughters on his team—for interference with contractual relations and defamation.  These parents—who had concerns regarding Coach Mauldin's conduct and control of the team—approached the school principal, the school district and the Office of Civil Rights in succession, seeking a proper investigation and communication of the results of that investigation.  The allegations against Coach Mauldin encompassed conduct bordering on sexual harassment, tolerance or encouragement of hazing, and an inappropriate blurring of the line between his role as a coach/teacher and a friend.  Ultimately, the district offered to place Coach Mauldin at a different high school, which he accepted.  Afterwards, Coach Mauldin filed suit against the seven parents involved in his departure from Irmo High School.  Five of the parents settled, and the remaining two parents agreed to dismiss the suit.  Following the dismissal, the two parents sought sanctions, contending the suit was frivolous and never should have been filed.

"The determination of whether attorney's fees should be awarded under Rule 11 or under the [FPA] is treated as one in equity." *Se. Site Prep, LLC v. Atl. Coast Builders & Contractors, LLC*, 394 S.C. 97, 104, 713 S.E.2d 650, 654 (Ct. App. 2011).  "In reviewing the award in issue, [an appellate court] may take its own view of the preponderance of the evidence." *Rutland v. Holler*, 371 S.C. 91, 97, 637 S.E.2d 316, 319 (Ct. App. 2006) (quoting *Hanahan v. Simpson*, 326 S.C. 140, 156, 485 S.E.2d 903, 912 (1997)).  "[F]ollowing the determination of facts, an appellate court applies an abuse of discretion standard in reviewing the decision to award sanctions and the specific sanctions awarded." *Horry County v. Parbel*, 378 S.C. 253, 265, 662 S.E.2d 466, 473 (Ct. App. 2008) (quoting *Rutland*, 371 S.C. 91, 97, 637 S.E.2d 316, 319 (2006) (internal quotations omitted)).  A trial court's decision to award or deny sanctions will not be disturbed absent a clear abuse of discretion. *Culbertson v. Clemens*, 322 S.C. 20, 24, 471 S.E.2d 163, 165 (1996).

Under Rule 11, a trial court *may* impose sanctions on a party, a party's attorney, or both "for filing a frivolous pleading, motion, or other paper, or for making frivolous arguments." *Runyon v. Wright*, 322 S.C. 15, 19, 471 S.E.2d 160, 162, (1996).  The FPA provides, "[a]n attorney . . . participating in a civil . . . action . . .

*may* be sanctioned for: (a) filing a frivolous pleading . . . if: . . . (ii) a reasonable attorney in the same circumstances would believe that under the facts, his claim . . . was clearly not warranted under existing law and that a good faith or reasonable argument did not exist for the extension, modification, or reversal or existing law." S.C. Code Ann. § 15-36-10(A)(4)(a)(ii) (Supp. 2013) (emphasis added).[1]

We agree with the trial court's findings of fact and therefore review the trial court's decision to deny sanctions under an abuse of discretion standard. While we are concerned that Coach Mauldin's lawyer could have done more to investigate his client's claims before filing suit, we find no abuse of discretion in the trial court's decision not to award sanctions.

Accordingly, the trial court's ruling is

**AFFIRMED.**

**FEW, C.J., HUFF and PIEPER, JJ., concur.**

---

[1] Contrast the use of the word "may" in S.C. Code Ann. § 15-36-10(A)(4)(a)(ii) with the word "shall" in section (C)(1), which reads: "At the conclusion of a trial . . . an attorney . . . *shall* be sanctioned for a frivolous claim or defense if . . . (a) a reasonable attorney in the same circumstances would believe that under the facts, his claim . . . was clearly not warranted under existing law." (emphasis added).