# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Overland, Inc., d/b/a Land Rover Greenville, Petitioner,

v.

Lara Marie Nance, Charlie Andrew Nance, Roger Fields, Synovus Financial Corporation d/b/a NBSC, Branch Banking and Trust Company, Bank of America Corporation, and SunTrust Banks, Inc., Defendants,

of which Bank of America Corporation and SunTrust Banks, Inc. are the Respondents.

Appellate Case No. 2016-002151

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Greenville County
Letitia H. Verdin, Circuit Court Judge

---

Opinion No. 27800
Heard May 2, 2018 – Filed May 23, 2018

---

## AFFIRMED

---

Carl F. Muller, of Carl F. Muller, Attorney at Law, P.A., and T. Hunt Reid, of Howard Howard Francis & Reid, both of Greenville, for Petitioner.

James W. Sheedy and Susan E. Driscoll, both of Driscoll Sheedy, P.A., of Charlotte; Zachary Lee Weaver and W.

Howard Boyd Jr., both of Gallivan, White & Boyd, PA, of Greenville, for Respondents.

---

**JUSTICE FEW**: Overland, Inc., filed this lawsuit against Lara Marie Nance, Bank of America, SunTrust Banks, and other defendants seeking damages arising out of Nance's embezzlement of $1,282,000 from the Land Rover dealership Overland operated in the city of Greenville. Nance pled guilty in federal court to wire fraud for stealing the money and was sentenced to 46 months in prison. Overland's theory of liability against Bank of America and SunTrust was that allowing Nance to deposit forged checks into fraudulent accounts she created breached duties the banks owed to Overland. The banks made motions for summary judgment on the ground they owed no duty to Overland, who was not a customer of either bank. The circuit court granted the motions for summary judgment, stating, "Overland [was] unable to demonstrate that [the banks] owed it any duty . . . ." The circuit court denied Overland's Rule 59(e) motion. Overland filed a notice of appeal, which the court of appeals dismissed in an unpublished opinion. *Overland, Inc. v. Nance*, Op. No. 2016-UP-368 (S.C. Ct. App. filed July 20, 2016). We granted Overland's petition for a writ of certiorari.

This Court may affirm the trial court on any ground appearing in the record. Rule 220(c), SCACR. After carefully reviewing the record and the parties' briefs to this Court and the court of appeals, we affirm on the merits the circuit court's order granting summary judgment. *See* Rule 220(b)(1), SCACR; *Oblachinski v. Reynolds*, 391 S.C. 557, 560, 706 S.E.2d 844, 845 (2011) ("A motion for summary judgment on the basis of the absence of a duty is a question of law for the court to determine."); S.C. Code Ann. § 36-3-103(a)(9) (Supp. 2017) ("In the case of a bank that takes an instrument for processing for collection or payment by automated means, reasonable commercial standards do not require the bank to examine the instrument if the failure to examine does not violate the bank's prescribed procedures and the bank's procedures do not vary unreasonably from general banking usage not disapproved by this chapter or Chapter 4."); *Kerr v. Branch Banking & Tr. Co.*, 408 S.C. 328, 333, 759 S.E.2d 724, 727 (2014) (holding a bank's limited duty of care to customers does not extend to non-customers where the non-customer's claims are premised on disputed contractual obligations between a bank and its customer, but the non-customer is not an intended third-party beneficiary to that contract).

We clarify, however, a point of confusion that appears to have existed between the parties and the circuit court.[1] Rule 6(b) of the South Carolina Rules of Civil Procedure gives trial courts limited authority to extend deadlines set forth in the Rules. However, Rule (6)(b) explicitly excludes Rule 59 and certain other rules from that authority. Rule 6(b) states, "The time for taking any action under rules 50(b), 52(b), 59, and 60(b) may not be extended except to the extent and under the conditions stated in them." Rule 59(e) does not have any "conditions stated" which would allow such an extension. Rather, Rule 59(e) states, "A motion to alter or amend the judgment shall be served not later than 10 days after receipt of written notice of the entry of the order."

We have previously held that the ten-day limit for serving a Rule 59(e) motion is an absolute deadline. In *Leviner v. Sonoco Prods. Co.*, 339 S.C. 492, 530 S.E.2d 127 (2000), the circuit court entered a dispositive order on January 10, 1997. 339 S.C. at 493, 530 S.E.2d at 127. "Neither party filed a Rule 59(e), SCRCP, motion within the ten day period allowed by that rule." *Id.* Nevertheless, on February 10, the circuit court issued another dispositive order completely reversing itself from the January 10 order. We held,

> the trial judge's . . . order filed February 10, 1997, more than thirty days later, was patently untimely. Under Rule 59(e), SCRCP, the trial judge has only ten days from entry of judgment to alter or amend an earlier order on his own initiative . . . . When no timely Rule 59 motion was made nor timely sua sponte order filed under Rule 59(e), the January . . . order "matured" into a final judgment. The order filed on February 10 was a nullity because the trial judge no longer had jurisdiction over the matter.

339 S.C. at 494, 530 S.E.2d at 128; *see also Russell v. Wachovia Bank, N.A.*, 370 S.C. 5, 20, 633 S.E.2d 722, 730 (2006) ("Generally, a trial judge loses jurisdiction over a case when the time to file post-trial motions has elapsed."); *Doran v. Doran*, 288 S.C. 477, 343 S.E.2d 618 (1986) (on appeal from an order entered just before the effective date of the Rules of Civil Procedure, holding the trial court lost the

---

[1] Although we affirm the circuit court order pursuant to Rule 220(b)(1), the discussion following this footnote is not in the nature of a memorandum opinion pursuant to Rule 220(b)(1), and is intended to be precedential in all future civil litigation in this State.

power to modify the final order after end of the term of court, and noted that under Rule 59(e) the trial court would have the power to alter or amend such an order for a ten-day period after entry of judgment).

In light of these authorities, we repeat that the ten-day deadline in Rule 59(e) is an absolute deadline. A trial court does not have the power to alter or amend a final order if more than ten days passes and no Rule 59(e) motion has been served, *Leviner*, 339 S.C. at 494, 530 S.E.2d at 128, nor does a trial court have any power to grant the moving party an extension of time in which to file a Rule 59(e) motion, *see Alston v. MCI Commc'ns Corp.*, 84 F.3d 705, 706 (4th Cir. 1996) ("It is clear . . . that the district court was without power to enlarge the time period for filing a Rule 59(e) motion."). The failure to serve a Rule 59(e) motion within ten days of receipt of notice of entry of the order converts the order into a final judgment, and the aggrieved party's only recourse is to file a notice of intent to appeal.

The order of the circuit court granting summary judgment to the banks is **AFFIRMED** on the merits.

**BEATTY, C.J., KITTREDGE, HEARN and JAMES, JJ., concur.**