**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Nathan F. Albertson, Respondent,

v.

Amanda M. Byfield, Appellant.

Appellate Case No. 2019-000664

———————

Appeal From Charleston County
Alice Anne Richter and Daniel E. Martin, Jr., Family
Court Judges

———————

Unpublished Opinion No. 2021-UP-158
Submitted April 1, 2021 – Filed May 5, 2021

———————

**AFFIRMED IN PART AND DISMISSED IN PART**

———————

Jason Scott Luck, of Luck VI Ltd. Co. d/b/a Jason Scott
Luck, Attorney at Law, of Bennettsville, for Appellant.

Julianne Meggs Stokes, of Stokes & Haselden, LLC, of
Mount Pleasant; and Chris Paton, of Chris Paton LLC, of
Charleston, both for Respondent.

———————

**PER CURIAM:** Amanda M. Byfield (Mother) appeals several family court
orders, including an order modifying a prior custody order to award sole custody of

Mother's minor child (Child) to Nathan F. Albertson (Father).[1]  On appeal, Mother argues the family court erred in (1) not allowing her to proffer excluded evidence, (2) excluding her witnesses (other than herself) and not allowing her to cross-examine an expert as a discovery sanction, (3) awarding Father custody of Child, (4) finding her Rule 59(e), SCRCP, motion was untimely, (5) refusing to convert her Rule 59(e) motion to a motion under Rule 60, SCRCP, and (6) denying her motion to continue an emergency hearing.  Mother also contends this appeal was timely, and "the errors set forth in the previous issues warrant reversal for their aggregate prejudicial effect."  We affirm in part and dismiss in part.

Although appeals from the family court are reviewed de novo, procedural rulings are reviewed using an abuse of discretion standard.  *Stoney v. Stoney*, 422 S.C. 593, 594-95 n.2, 813 S.E.2d 486, 486 n.2 (2018).

The family court did not abuse its discretion in finding Mother's Rule 59(e) motion was untimely.  Mother received written notice of the entry of the underlying custody order on November 27, 2018, and the contempt order on November 28, 2018, but she did not serve her Rule 59(e) motion until December 12, 2018—more than ten days after receiving written notice of the entry of the underlying orders. *See* Rule 59(e), SCRCP ("A motion to alter or amend the judgment shall be served not later than 10 days after receipt of written notice of the entry of the order."). Further, because this ten-day limit is absolute, the family court cannot expand the time for filing a Rule 59(e) motion.  *See Overland, Inc. v. Nance*, 423 S.C. 253, 256, 815 S.E.2d 431, 432 (2018). ("[T]he ten-day limit for serving a Rule 59(e) motion is an absolute deadline."); *id.* at 256-57, 815 S.E.2d at 433 ("A trial court does not have the power . . . to grant the moving party an extension of time in which to file a Rule 59(e) motion.").[2]

Because Mother's Rule 59(e) motion was untimely, the filing of that motion did not toll the time for Mother to serve the notice of appeal from the November 2018 orders.  *See* Rule 59(f), SCRCP ("The time for appeal for all parties shall be stayed by a *timely* motion under this Rule and shall run from the receipt of written notice of entry of the order granting or denying such motions." (emphasis added)); *Overland*, 423 S.C. at 257, 815 S.E.2d at 433 ("The failure to serve a Rule 59(e)

---

[1] This case initially also concerned Child's sibling, but the sibling turned eighteen before the final hearing.

[2] Mother sets forth several arguments urging this court to make an exception to the ten-day filing requirement of Rule 59(e).  However, because our supreme court has determined this deadline is absolute, we decline to consider any of the exceptions.

motion within ten days of receipt of notice of entry of the order converts the order into a final judgment, and the aggrieved party's only recourse is to file a notice of intent to appeal.").  Mother served her notice of appeal from those orders on April 17, 2019—more than thirty days after receiving written notice of the orders.  *See* Rule 203(b)(1), (3), SCACR ("A notice of appeal [from a family court case] shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment.").  Mother did not timely serve the notice of appeal from those orders; thus, this court does not have jurisdiction to consider her appeal from those orders.[3]  *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 14-15, 602 S.E.2d 772, 775 (2004) ("The requirement of service of the notice of appeal is jurisdictional, *i.e.,* if a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal and has no authority or discretion to 'rescue' the delinquent party by extending or ignoring the deadline for service of the notice.").  Therefore, Mother's appeal from the July 2017, April 2018, and November 2018 orders is dismissed.

Finally, the family court did not abuse its discretion in not converting Mother's Rule 59(e) motion into a motion under Rule 60, SCRCP.  Although Mother requested this relief in a letter to the family court and an affidavit filed in the family court, she did not file a motion requesting such relief under Rule 60.  Further, at the hearing on Mother's Rule 59(e) motion, the family court granted Mother leave to file a motion under Rule 60.  Thus, to the extent Mother believed a Rule 60 motion had merit, nothing precluded her from filing such a motion with the family court.

**AFFIRMED IN PART AND DISMISSED IN PART.**[4]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[3] Likewise, this court lacks jurisdiction to consider Mother's appeal of the July 2017 and April 2018 orders.  Although those were interlocutory orders, her failure to timely appeal the final custody order precludes this court's review of those orders.

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.