**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Christopher Lamar Atchison, Appellant,

v.

Veronica Jenkins, in her individual and official capacity as a member or officer of Augusta South, LLC; Augusta South, LLC; and Collins Properties, L.P., Defendants,

Of which Collins Properties, L.P., is the Respondent.

Appellate Case No. 2018-000759

Appeal From Greenville County
Charles B. Simmons, Jr., Master-in-Equity

Unpublished Opinion No. 2021-UP-241
Submitted March 1, 2021 – Filed June 30, 2021

**AFFIRMED**

Michanna Talley Tate and Michael F. Talley, Sr., both of Greenville, for Appellant.

C. Richard Stewart, J. Falkner Wilkes, and Mark Stan Meglic, all of Greenville, for Respondent.

**PER CURIAM:**  This is an appeal of a master in equity's summary judgment against Christopher Atchison (Appellant) in his suit for judicial dissolution of an LLC and reformation of a bond for title.

As to Appellant's argument that res judicata prevented the master from entering the March 2018 order refusing to reform the bond for title, res judicata requires an issue to have been actually adjudicated.  *See Hilton Head Ctr. of S.C., Inc. v. Pub. Serv. Comm'n of S.C.*, 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987) (stating res judicata requires identity of the parties and subject matter and adjudication of the issue in the former suit).  We do not believe the February 2018 order providing reformation would be "left" to the parties "to handle directly" was an adjudication requiring the parties to reform the bond for title.  Even if this language *was* an enforceable mandate, Respondent moved for summary judgment to cancel the bond for title seven days after the master entered the February order.  This was within the deadline for the master to alter or amend the order on his own motion or on a party's motion. *See Leviner v. Sonoco Prods. Co.*, 339 S.C. 492, 493, 530 S.E.2d 127, 128 (2000) (noting a judge has ten days after an order's entry to change the order).

As to Appellant's argument that Respondent waived its right to object to reformation by failing to lodge a specific objection in its answer, Respondent's answer denied Appellant was entitled to any relief.  Appellant does not offer any authority to support its contention that Respondent forfeited the ability to object to reforming the bond for title by filing a limited answer specifically denying Appellant was entitled to anything.

As to whether the master erred in refusing to reform the bond for title, Appellant failed to preserve this issue for appellate review.  At the hearing below, Appellant insisted the master needed to "stand on the [February] order . . . and allow for us to potentially negotiate it directly outside of court.  We never asked the court to force anything."  Appellant raised no argument that the master should force reformation. Thus, Appellant may not argue for forced reformation here.  *See Herron v. Century BMW*, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2011) ("[A]n issue cannot be raised for the first time on appeal." (quoting *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998))).

Further, on the merits, Appellant failed to demonstrate he was entitled to reform the bond for title.  Reformation requires a "mutual mistake" where both parties intended a certain agreement and through a drafting error did not get the intended agreement. *See Crosby v. Protective Life Ins. Co.*, 293 S.C. 203, 206, 359 S.E.2d 298, 300 (Ct.

App. 1987).  We sympathize with Appellant's position, but the record does not show a plausible mutual mistake theory.

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.