**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Rutledge Carson, III, Appellant,

v.

Kirsten Leigh Carson, Respondent.

Appellate Case No. 2020-001115

---

Appeal From Lancaster County
Coreen B. Khoury, Family Court Judge

---

Unpublished Opinion No. 2024-UP-027
Heard September 12, 2023 – Filed January 24, 2024

---

**AFFIRMED**

---

Barrett Wesley Martin, of Barrett W. Martin, P.A., of Rock Hill, for Appellant.

Daniel Dominic D'Agostino and Jacqueline N. Davis, both of D'Agostino Law Firm, of York, for Respondent.

---

**PER CURIAM:** James Rutledge Carson, III (Husband) appeals the family court's decree of divorce and order approving the settlement agreement he and Kirsten Leigh Carson (Wife) reached through mediation. Husband argues the family court lacked jurisdiction to enter an order adjudicating any issues in the case after he

voluntarily dismissed the action pursuant to Rule 41(a)(1)(A), SCRCP.[1] We affirm.

Husband and Wife separated October 13, 2018.[2] On December 27, 2018, Husband filed a complaint in the family court requesting an order "granting the parties a decree of separate maintenance and support and incorporating their settlement agreements therein." The complaint stated the parties were "actively engaged in the collaborative divorce process" and anticipated "reaching settlement agreements in full settlement of all issues which could have been raised in this proceeding through that process."

On the same date, the parties filed a consent order (the 2018 Consent Order) signed by the parties and their counsel and approved by the family court. The 2018 Consent Order included findings of fact on jurisdiction and addressed issues of child support, alimony, and income taxes. A section titled "approval of settlement agreements" stated the parties understood the agreement, entered the agreement "freely and voluntarily," and requested the agreement be enforceable as a court order. The 2018 Consent Order stated the facts and issues of the case were governed by Rule 43(k), SCRCP, which provides that settlement agreements are binding when reduced to writing and signed by the parties and their counsel.

On May 3, 2019, Husband served and filed a notice of dismissal of the action and subsequently ceased paying alimony and child support to Wife. Wife filed an answer and counterclaim, as well as a motion to strike the notice of dismissal. The family court held a hearing on Wife's motion to strike on June 3, 2019. On July 3, 2019, the family court issued an order granting the motion to strike and finding Husband's voluntary dismissal under Rule 41(a)(1)(A), SCRCP, was inconsistent with Rule 17, SCRFC, which allowed a defendant to be heard at a merits hearing on issues such as custody, visitation, alimony, support, equitable distribution, and counseling fees, even if they did not file an answer. Husband filed a motion to reconsider, which the family court denied on July 10, 2019.

On June 5, 2019, Wife filed a petition for an order and rule to show cause, contending Husband violated the consent order by failing to pay child support and

---

[1] *See* Rule 41(a)(1)(A) (providing "an action may be dismissed by the plaintiff without order of court (A) by filing and serving a notice of dismissal at any time before service by the adverse party of an answer or motion for summary judgment, whichever first occurs").

[2] Husband and Wife have two children: Child 1, born in 2002, and Child 2, born in 2005.

alimony.  The family court issued an order and rule to show cause and scheduled a hearing for July 11, 2019.  At the hearing, Husband admitted he intentionally failed to pay alimony and child support as set forth in the consent order after he voluntary dismissed the case.  He argued the family court lost jurisdiction over the case when he dismissed the action.  On August 8, 2019, the family court issued an order (the Contempt Order) finding it had jurisdiction over the case and holding Husband in willful contempt for failing to pay alimony and child support.

On August 26, 2019, Husband filed and served a notice of appeal with this court challenging the July 3 order granting Wife's motion to strike the notice of dismissal, the July 10 order denying his motion to reconsider (collectively, the July Orders), and the Contempt Order.  In his notice of appeal, Husband stated he received written notice of the entry of the July orders on July 10, 2019.  Wife filed a motion to dismiss the appeal and a petition for supersedeas, in which she argued the family court's orders were not immediately appealable.  On September 27, 2019, this court denied Wife's petition for supersedeas but granted her motion to dismiss Husband's appeals of the July Orders as untimely.  This court held Husband's appeal of the Contempt Order could proceed.  On October 28, 2019, Husband submitted his initial appellant's brief, arguing the Contempt Order was void because the family court lost jurisdiction over the case when he served and filed his notice of dismissal.

On December 17, 2019, Husband filed a motion to amend his original complaint in the family court, explaining the parties were involved in the collaborative divorce process at the time it was filed, and therefore it did not set forth any allegations against Wife.  The family court heard arguments on the motion and then issued an order granting Husband the right to file an amended complaint.  On February 10, 2020, Husband filed his amended complaint, which stated the statutory basis of jurisdiction was section 63-3-530 of the South Carolina Code (2010 & Supp. 2023).[3]  On February 12, 2020, Husband filed a second amended complaint that restated the basis for the family court's jurisdiction and sought a determination of the amount of child support to be paid, a finding that Wife was statutorily barred from receiving alimony, and a requirement that Wife reimburse Husband the temporary spousal support previously provided, as well as the relief previously requested in his first amended complaint.

---

[3] § 63-3-530 (stating the family court has exclusive jurisdiction "to hear and determine actions for divorce a vinculo matrimonii, separate support and maintenance, legal separation, and in other marital litigation between the parties").

The parties executed a consent order to mediate, which the family court entered on February 27, 2020 (the 2020 Consent Order). On April 20, 2020, Husband dismissed his appeal of the Contempt Order with a stipulation signed by both parties; this court subsequently issued an order dismissing the appeal and sent the remittitur.

On April 22, 2020, Wife filed an answer and counterclaim seeking approval of the marital settlement agreement the parties reached through mediation (the Settlement Agreement) and a divorce based on one year's separation. The Settlement Agreement was signed by both parties and their attorneys. The family court held a final hearing on June 26, 2020. At the hearing, Husband announced the parties did not have an agreement and reasserted his argument that the family court lost jurisdiction over the case when he dismissed it in May 2019. The family court issued a decree of divorce and order approving the agreement, in which the family court adopted and incorporated the Settlement Agreement. This appeal followed.

Husband argues the family court lost jurisdiction over the case when he dismissed the action under Rule 41(a)(1)(A), SCRCP, by filing his notice of dismissal before Wife served an answer or motion for summary judgment. He asserts the family court's order granting Wife's motion to strike the notice of dismissal was not immediately appealable because it did not resolve the litigation. He contends the family court erred by relying on Rule 43(k), SCRCP, when granting the divorce and approving the Settlement Agreement because he was not bound to any agreement after he dismissed the action. We disagree.

"In appeals from the family court, this [c]ourt reviews factual and legal issues de novo." *Crossland v. Crossland*, 408 S.C. 443, 451, 759 S.E.2d 419, 423 (2014). "Thus, this [c]ourt has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence; however, this broad scope of review does not require the [c]ourt to disregard the findings of the family court, which is in a superior position to make credibility determinations." *Id.*

We hold the family court did not err in issuing the decree of divorce and order approving the agreement because it continued to have jurisdiction over the case after Husband failed to timely appeal the July Orders. *See Doran v. Doran*, 288 S.C. 477, 478, 343 S.E.2d 618, 619 (1986) ("No objection can be made to an appealable order from which no appeal was taken"); *See* § 14-3-330(2)(c) (2017) (stating the appellate court "shall review upon appeal . . . [a]n order affecting a substantial right made in an action when such order . . . strikes out an answer or any part thereof or any pleading in any action"); *Thornton v. S.C. Elec. & Gas Corp.*, 391 S.C. 297, 304, 705 S.E.2d 475, 479 (Ct. App. 2011) ("Whether an order

granting a . . . motion to strike is appealable under section 14-3-330(2)(c) depends on the effect of the individual order under the facts and circumstances of the case.").  Husband's notice of appeal, which he served on August 26, 2019, stated he received written notice of the July Orders on July 10, 2019.  Husband therefore failed to timely appeal the July Orders within thirty days of receipt, which this court recognized when it dismissed his appeal of those orders for untimeliness. *See* Rule 203(b), SCACR (stating that, in an appeal from the family court, the notice of appeal must be served within thirty days "after receipt of written notice of entry of the order or judgment); *Rumpf v. Mass. Mut. Life Ins. Co.*, 357 S.C. 386, 398, 593 S.E.2d 183, 189 (Ct. App. 2004) ("Any unappealed portion of the trial court's judgment is the law of the case, and must therefore be affirmed.").  Accordingly, we hold the family did not err in issuing the decree of divorce and order approving the parties' agreement.[4]

Based on the foregoing, the family court's decree of divorce and order approving agreement is

**AFFIRMED.**

**MCDONALD and VINSON, JJ., and BROMELL HOLMES, A.J., concur.**

---

[4] Additionally, we find Husband cannot argue that the family court lacked jurisdiction over the case when he affirmatively recognized the family court's jurisdiction in his amended complaints.  Husband's amended complaint and second amended complaint both stated the family court had jurisdiction pursuant to section 63-3-530.