**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Fairfield 132 Smith Street, LLC, Respondent,

v.

Haley Surface, Hannah Glickman, Jill Surface, and Diane Glickman, Defendants,

Of Whom Haley Surface, Jill Surface, and Hannah Glickman are the Appellants.

Appellate Case No. 2022-001303

————————

Appeal From Charleston County
Bentley Price, Circuit Court Judge

————————

Unpublished Opinion No. 2025-UP-062
Submitted February 21, 2025 – Filed February 26, 2025

————————

**VACATED**

————————

Andrew T. Shepherd, of Shepherd Law Firm, LLC, of Summerville, for Appellants.

Matthew Z. Kelly, of Oyster Road Law Firm, LLC, of Isle of Palms, for Respondent.

————————

**PER CURIAM:** Haley Surface, Jill Surface, and Hannah Glickman (collectively, Appellants) appeal the circuit court's August 17, 2022 order granting summary judgment to Fairfield 132 Smith Street, LLC (Respondent). On appeal, Appellants argue the court improperly granted summary judgment because there were genuine issues of material fact as to (1) whether Appellants breached the lease agreement to the extent claimed by Respondent; (2) whether the co-signers to the lease were jointly and severally liable for the damages; and (3) whether Respondent was entitled to the damages claimed and whether it properly mitigated its damages. We vacate pursuant to Rule 220(b), SCACR.

We hold the circuit court did not have jurisdiction over the action at the time it issued the order on appeal. *See Russell v. Wachovia Bank, N.A.*, 370 S.C. 5, 20, 633 S.E.2d 722, 730 (2006) ("Generally, a [circuit court] loses jurisdiction over a case when the time to file post-trial motions has elapsed."); Rule 59(e), SCRCP ("A motion to alter or amend the judgment shall be served not later than 10 days after receipt of written notice of the entry of the order."). The circuit court originally granted summary judgment in a form order on April 22, 2022, and did not indicate a formal order would follow. Appellants timely filed motions to reconsider, which the circuit court denied, without reservation, on June 4, 2022. Subsequently, the circuit court issued a full written order on August 17, 2022, making findings of fact and awarding damages. However, the circuit court's jurisdiction ended ten days after it denied Appellants' motions to reconsider, over two months before it issued its formal order. *See Leviner v. Sonoco Prods. Co.*, 339 S.C. 492, 494, 530 S.E.2d 127, 128 (2000) ("Under Rule 59(e), SCRCP, the [circuit court] has only ten days from entry of judgment to alter or amend an earlier order on his own initiative absent a 'reservation' of jurisdiction in the form order."); *Ness v. Eckerd Corp.*, 350 S.C. 399, 402, 566 S.E.2d 193, 195 (Ct. App. 2002) ("Although [circuit courts] retain jurisdiction to alter judgments on their own initiative for ten days if a Rule 59(e), SCRCP, motion is filed, after ten days that jurisdiction is lost."). Accordingly, we vacate the circuit court's order dated August 17, 2022.

**VACATED.**[1]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.